## GUENGERECH v. SMITH.

Damages: EXEMPLARY: EVIDENCE OF FINANCIAL ABILITY OF DEFENDANT. In an action in which exemplary damages are properly allowable evidence of the financial ability and standing of the defendant, is not admissible. BECK, Ch. J., dissenting.

*Appeal from Washington District Court.*

THURSDAY, JULY 25.

ACTION to recover damages for an assault and battery. Jury trial; verdict and judgment for $150, for plaintiff. The defendant appeals. See opinion for further facts.

*Patterson & Rheinhart* for the appellant.

*McJunkin & Henderson* for the appellee.

COLE, J. — Upon the trial, " the court, against the objections of the defendant, permitted the plaintiff to prove the pecuniary condition and financial ability of defendant, for the purpose of being considered by the jury in estimating exemplary damages." And also instructed the jury, " that, in considering to what extent the example of the defendant might have an influence on others, they were at liberty to consider his fortune and position in society." Due exceptions were taken; and these rulings are assigned as error.

It was said by WRIGHT, J., in delivering the opinion of this court, in *Hunt* v. *The C. & N. W. Railway Co.*, 26

Iowa, 364 (*i. e.* 373-4) that, " while some of the cases have held that the pecuniary condition of a defendant may be shown, when plaintiff is entitled to vindictive damages, or in case of malicious torts, yet it is believed that the weight of authority is the other way." Citing 1 Hill. on Torts, 405, notes 3 and 4 ; Sedg. on Dam. 640, note 1. (See 5th ed., 634, note 2); *Kniffen* v. *McConnell*, 30 N. Y. 285. " Aside from the exceptional cases of slander and breach of promise to marry, courts should hesitate long before receiving such evidence, or allowing the jury to take into consideration the defendant's pecuniary ability, even under circumstances of aggravation, insult or cruelty, or vindictiveness and malice." We discover no sufficient reason for now holding contrary to the acknowledged " weight of authority," and thereby also overruling to a certain extent at least the case from which we have quoted. It may be remarked that the case of *Karney* v. *Paisley*, 13 Iowa, 89, was an action for slander. *Vide* 2 Greenl. on Ev., § 269.

Reversed.

BECK, Ch. J. (dissenting).—In my opinion the evidence, as to the financial ability of defendant, was properly admitted and the instruction upon that subject is correct. That the case is one in which exemplary or punitive damages may be properly allowed is not questioned. The law permits such damages to be recovered for the correction and punishment of the defendant, and as an example to the community. Now it is plain that a verdict of a few dollars, which would operate as a punishment, if assessed against a poor man, would utterly fail to have that effect upon a man of wealth. Verdicts for punitive damages ought, therefore, to be graduated according to the ability of the offender to pay. Nothing else would be just or reasonable. It is also clear that a man of high standing and of great intelligence, as well as wealth, ought to be

punished for the same offense in a degree different from the poor and obscure. This is certainly true in view of the fact that such verdicts for damages are intended to be held up as examples to restrain the repetition of offenses.

In *Hunt* v. *The C. & N. W. Railway Co.*, 26 Iowa, 364, doubts are expressed as to the correctness of the rule above stated, and an intimation is found that the weight of the authorities is against it. The point was not in that case, and the remarks of the learned justice delivering the opinion cannot be understood as deciding it. Whatever is said is by way of argument. It is probably true that there is . not entire accord in the authorities upon this question. I have not investigated them to an extent enabling me to express an opinion as to the preponderance of the cases. But in my opinion the rule is supported by reason and legal principles, and for that reason ought to be recognized by this court regardless of the decisions against it.