## CALL v. LARABEE ET AL.

1. **Libel:** CIVIL ACTION FOR: PLEADING. In a civil action for libel, it is sufficient to set up facts constituting a libel under sections 4097 and 4098 of the Code. It is not necessary to allege that the defendant charged plaintiff with the commission of a statutory offense, nor to allege special damages sustained. Libel, being itself a public offense, is actionable *per se*, under section 2526 of the Code, and the law presumes that damage results therefrom to the person libelled.

*Appeal from Harrison District Court.*

MONDAY, DECEMBER 11.

ACTION FOR LIBEL. A demurrer to the petition was sustained. Plaintiff appeals.

*S. H. Cochran*, for appellant.

No appearance for appellee.

BECK, J.—I. The plaintiff sets out in his petition the cause of action in the following language:

"That he is a resident of Harrison county, Iowa, and has been for four years last past, and a man of good moral char-

acter; that prior to March 29, 1881, he stood well as a moral man and a law abiding citizen among his neighbors and friends; that on or about said date the defendants, willfully designing to injure plaintiff's good character as a man, maliciously published in the Logan *Courier*, a weekly newspaper printed and circulated in Harrison county, an article, a copy of which is in the following words, to-wit:

'*To whom it may concern*:—This is to certify that the members of the Seventh Day Adventist Church, living in the vicinity of Logan, Iowa, did withdraw the hand of fellowship from Daniel Call, at a church meeting held in Logan, Iowa, on the 5th day of January, 1879, believing him to be utterly unworthy of their confidence as a Christian. We desire our fellowmen to understand that we consider him a man of immoral character, and not worthy of a place in any Church of Jesus Christ. His presence at our meetings is not desired by us, until we have clear evidence of a decided change in his character.

T. D. LARABEE, *Elder.*

W. S. BECK, *Deacon.*

N. A. BECK, *Clerk.*'

"That said article so published by the defendants under their joint signature, was wholly false, and that defendants had no authority to publish the same; that plaintiff was not a member of the church which defendants claim to represent, at anytime; that if any resolution was ever passed by the members, as intimated in said false and malicious publication, the same was passed without authority, and that the said publication was willfully, maliciously, and without authority, published by defendants, to cause it to be suspected and believed that the plaintiff had been guilty of the crime of seduction; that said publication was also intended to cause the plaintiff to be suspected of being a dishonest man; that said libellous publication was wholly false and known to be so by defendants; that in addition to the fact that the same was published to cause plaintiff to be suspected of crime as aforesaid, the same was intended to provoke plaintiff to

wrath, or expose him to public contempt, hatred, and ridicule, and to deprive him of the benefit of public confidence and social intercourse; that said libel has damaged plaintiff in the following manner: It has provoked him and exposed him, without just cause, to public hatred, contempt, and ridicule; it has deprived him, to a certain extent, of the benefit of public confidence and esteem, which he enjoyed fully prior to said publication, and it has materially affected the pleasures which plaintiff formerly enjoyed in social intercouse with his neighbors and friends; it has affected him so as to interfere with his daily walk in society, and has, through its falsity and the facts aforesaid, damaged him in the sum of five thousand dollars, for which he demands judgment against defendants, with all costs of suit."

The demurrer was sustained upon the following grounds: "The petition shows upon its face that the language in the alleged libel does not charge plaintiff with the commission of any statutory offense, and there is no allegation of special damages sustained."

It will be observed that two grounds of objection to the petition are specified, namely: 1. The libel does not charge plaintiff with a statutory offense. 2. No special damages are alleged.

A libel, by our statute, is a public offense, punishable by fine and imprisonment, and is defined to be "the malicious defamation of a person, made public by any printing, writing sign, picture, representation, or effigy, tending to provoke him to wrath, or expose him to public hatred, contempt, or ridicule, or to deprive him of the benefits of public confidence and social intercourse."     *     *     *     *     *     Code, §§ 4097, 4098.

II.   Civil remedies may in all cases be enforced for injuries sustained by reason of public offenses.   Code, § 2526.

The petition undoubtedly charges a libel within the definition of the statute, and though the libel does not charge plaintiff with a public offense, the statute gives him a civil remedy

therefor.   The first objection to the petition was not well taken.

. III.   The libel being actionable *per se*, it follows that plaintiff is entitled to recover the damages generally and necessarily resulting therefrom, whatever they may be.   The law presumes that damages do result from the libel, and, in the absence of proof thereof, will award at least a nominal sum if the libel is established.   It follows that special damages need not be alleged, in actions of this kind, to authorize recovery.

The rule which the District Court applied in the case prevails in actions of slander, wherein the slanderous words are not actionable *per se*.   But, under another rule, if the words spoken are actionable *per se*, special damages need not be alleged.   As all publications which the law regards as libelous are actionable *per se*, the doctrine we recognize is analogous to the rule last mentioned.

It is our opinion that the District Court erred in sustaining the demurrer to plaintiff's petition.

REVERSED.