STATE OF IOWA V. GEORGE DEBOLT, *et al.*, Appellants.

**Extortion by Accusation: INDICTMENT.** An indictment under Code, section 3871, providing for the punishment of one who "maliciously threatens to accuse another of crime," with intent to extort money, need not allege that the person threatened was not guilty of the crime; and his guilt or innocence is immaterial.

**Evidence:** *Intent.* In the case of malicious threats to accuse another of an offense with intent thereby to extort money or pecuniary advantage, the intent to extort is of the essence of the crime, and proof of the threats, even though conclusive, is not proof of the specific intent or that it accompanied the act.

**Instructions: CHARACTER AND DEGREE OF EVIDENCE.** It is improper to charge the jury that the intent with which an act was committed "must be strictly proven." It is misleading, since circumstantial evidence is often sufficient for the purpose.

**Appeal: INSTRUCTIONS.** In the absence of evidence, it will not be presumed to have been such as to sustain a charge which is clearly erroneous upon any imaginable state of facts.

*Appeal from Guthrie District Court.*—HON. J. H. APPLEGATE, Judge.

FRIDAY, DECEMBER 17, 1897.

THE defendants, George Debolt and Walter Smith, were convicted of the offense of maliciously threatening to accuse another of the crime of sodomy with the intent thereby to extort money; and from the judgment, which required that they be imprisoned in the penitentiary at Ft. Madison for the term of one year, they appeal.— *Reversed.*

*F. O. Hinkson* and *Carr & Parker* for appellants.

*Milton Remley*, attorney general, and *Jesse A. Miller* for the state.

ROBINSON, J.—The indictment charges that the offense in question' was committed as follows: "The said George Debolt and Walter Smith on or about the tenth day of October, A. D. 1894, in the county of Guthrie and state of Iowa, as aforesaid, the said George Debolt and Walter Smith acting together and in concert, did then and there, with malicious intent to extort money from one T. J. Simcoke, did then and there, maliciously and feloniously, verbally threaten to accuse the said T. J. Simcoke of the crime of sodomy," (describing the particular act of which the defendants threatened to accuse Simcoke). The indictment does not charge that Simcoke was not guilty of the act thus described, and the appellants insist that in that respect the indictment is defective. The statute upon which this prosecution was founded is section 3871 of the Code of 1873, which contains the following: "If any person, either verbally or by any written or printed communication, maliciously threatens to accuse another of any crime or offense, * * * with intent thereby to extort any money or pecuniary advantage whatever, * * * he shall be punished by imprisonment in the penitentiary not more than two years, or by a fine not exceeding five hundred dollars." Nothing in

this statute makes it necessary, in order to constitute the offense defined, that the person threatened shall be innocent of the crime of which he is threatened to be accused. It is said that the threat to accuse, in order to constitute an offense, must be made maliciously; that the court charged the jury that " 'malice,' in a legal sense, denotes a wrongful act done intentionally, without just cause or excuse," and that, if Simcoke was guilty of the act of which the defendants threatened to accuse him, the threat could not have been without just cause or excuse. It is further urged that it is the duty of every citizen to accuse the perpetrators of a crime, before the proper tribunal, and that to declare an intention to do an act which it is the duty of the declarant to perform cannot be a crime. All that may be conceded without admitting that the indictment is defective in the respect claimed. The crime for which the statute provides is not the declaration by a person of an intent to bring an offender against the law to justice, but the malicious threatening to accuse a person of a crime or offense, "with intent thereby to extort any money or pecuniary advantage whatever." Whether the person against whom the threat is directed be guilty or innocent of the crime or offense specified in the threat is wholly immaterial to the commission of the crime by the making of the threat. *State v. Waite*, 101 Iowa, 377. The threat may be to accuse by instituting judicial proceedings. 1 McClain, Criminal Law, section 737. But it may also refer to accusation by newspaper publication, or other means. *State v. Lewis*, 96 Iowa, 286. It follows from what we have said that in our opinion the indictment is not defective in the respect claimed by the appellants.

II.   The defendants asked the court to instruct the jury as follows: "(8) You are instructed that intent to extort money is a material part of the crime charged.

This intent cannot be presumed, but must be established by the evidence to the exclusion of all reasonable doubt. The intent to extort money is the gist of the crime charged, and, before you can convict the defendants, you must be satisfied that such intent existed and was in the minds of the defendants at the time of making the alleged threats, if you find that such threats were in fact made. Such intent cannot be presumed, but must be strictly proven." The court refused to give that instruction, and charged the jury as follows: "(8½) 'Malice,' in a legal sense, denotes a wrongful act done intentionally, without just cause or excuse; and intention is an inference of law resulting from the doing of the act, except where the circumstances rebut the presumption of its existence. And in this case, if you should find from the evidence, beyond a reasonable doubt, that the defendants committed the acts charged in the indictment in this case, and you shall further find that said acts were intentionally done by them, without just cause or excuse, the acts so done by them would warrant the conclusion that the alleged threats were maliciously made. And if you shall find from the evidence, beyond a reasonable doubt, that the defendants committed the acts charged in the indictment, then such acts would warrant the inference of the intent charged in the indictment, unless the facts and circumstances, as developed by the proof, rebut the presumption of the existence of such intent." The acts charged in the indictment were that the defendants, acting in concert, on a day specified, did maliciously and feloniously threaten to accuse one T. J. Simcoke of the crime of sodomy. It will be observed that the paragraph of the charge quoted did not require proof that the threat was made with the intent thereby to extort any money or pecuniary advantage, but instructed the jury, in effect, that proof which satisfied it beyond a reasonable doubt that the defendants,

without just cause or excuse, maliciously and felon-
iously threatened to accuse Simcoke of the crime of
sodomy, would warrant the inference that the threat
was made with the intent thereby to extort money from
him, unless the facts and circumstances, as developed
by the proof, showed that such intent did not exist. We
do not think that is the law. It is a general rule that a
person intends the natural and ordinary consequences
of his premeditated act. If a man intentionally assault
another with a deadly weapon, and take his life, in the
absence of justifying or extenuating circumstances, it
will be presumed that the act was done with intent to
commit murder. In that case the thing done would be
unlawful, and the criminal intent would be inferred
from the nature of the act, and the premeditation with
which it was done; and specific proof of the intent would
not be required, to convict. But it is the general rule
that, when an act becomes criminal only by reason of
the specific intent with which it is done, proof of the
intent is as necessary to a conviction as is proof of the
act.      See *State v. Malcolm,* 8 Iowa, 415; *State v. Jarvis,*
21 Iowa, 46; *Roberts v. People,* 19 Mich. 401; 4 Am. &
Eng. Enc. Law, 674; 11 Am. & Eng. Enc. Law, 378;
Lawson, Presumptive Evidence, Rule 66. In the
case of malicious threats to accuse another of an
offense, with intent thereby to extort money or
pecuniary advantage, the intent to extort is of the
essence of the crime. Threats, however wrongful and
malicious, would not constitute the statutory crime, if
the intent to extort money or pecuniary advantage be
lacking.    Therefore, proof of the threats, even though
conclusive, would not be proof of the specific intent
required by the statute, or justify a presumption that it
had accompanied the act. The paragraph of the charge
we have set out was therefore erroneous. We do not
think the court erred in refusing the eighth instruction

asked by the defendants, although, with some modification, it would have been correct. The intent to extort money was of the gist of the crime charged, and cannot be presumed, but must be proven, but to say that it "must be strictly proven" might be misleading. Direct proof of the intent with which an act was committed is not to be had in many cases, and, when that is true, circumstantial evidence may be sufficient. What would be required to "strictly prove" an intent might not be understood by a jury.

III. The evidence submitted on the trial in the district court has not been abstracted, and it is said we must presume that it justified the charge given. It is true that we must indulge in every reasonable presumption to sustain the charge, but we are unable to imagine any evidence which could have justified the erroneous statement of law contained in the charge. For the error in the charge given, the judgment of the district court must be, and is, REVERSED.