W. H. KENNEDY v. NELLIE M. ROBERTS, Appellant.

**Duress.** Duress in the making of a contract exists when the person making it is induced to do so by being put in fear by means of threats of arresting and unlawfully charging him with crime, when the threats and the fear thereby induced are such as would influence a man of reasonable courage and prudence, and deprive the party making the contract of the exercise of free will in making it, provided that the threatened arrest is wrongful and unlawful and apparently about to be enforced.

**Blackmail: DURESS:** *Pleading* Code 1873, section 3871, makes it an offense for any person to maliciously threaten to accuse another of a crime with intent to extort any money or pecuniary advantage whatever, or compel the person threatened to do any act against

his will. *Held*, that it is not necessary in a suit to recover a note given under duress for the one threatened to plead his innocence of the crime which the other party threatened to accuse him of committing.

SAME. An allegation that defendant wantonly and maliciously made the threats for the purpose of extorting the note, and as a result of those threats plaintiff was put in fear and was compelled to execute the note without any consideration, is a sufficient showing that the threats were immediate, and without immediate means of prevention, and were such as would operate upon a person of reasonable courage.

RATIFICATION. An intention by the maker of a note obtained by duress, to ratify the same, is necessary in order that any ratification shall be binding upon him.

**Replevin:** ADDITIONAL BOND. Plaintiff in replevin to recover possession of a note should not be required to give an additional bond on the ground that the bond originally given is less than the value of the note, where pending the motion the note is brought into court and deposited with the clerk to abide the judgment of the court.

**Pleading:** REPLEVIN. The petition in replevin to recover the possession of a note need not allege that defendant wrongfully detained the note.

SAME. A petition in replevin to recover the possession of a note reciting that such note is of no value except as a matter of evidence, and that for such purpose only it is of a specified value, sufficiently alleges the actual or apparent value as required by the statute.

**Instructions:** FAILURE TO GIVE. Where a defense is stated in a very obscure manner, and no request is made for an instruction upon that point, it is not error for the court to overlook it in giving its instructions.

**Appeal:** OBJECTION BELOW. In replevin an objection that the complaint does not allege that the property replevined was wrongfully detained by the defendant, is waived by a failure to object in the trial court.

HARMLESS ERROR: *Striking pleading.* A refusal to strike out matter from a pleading on the ground that it is a repetition is without prejudice.

EVIDENCE. Although evidence in an action to recover the possession of a note, that plaintiff demanded the note before bringing the suit is irrelevant and immaterial where the note was wrongfully obtained from plaintiff, its admission is not prejudicial to defendant.

SAME. Any faults in an instruction concerning the consideration of a note in question are cured by a special verdict of the jury that the note was founded upon a valuable consideration.

SAME. Refusal of a motion to require plaintiff in replevin to give an additional bond, if error, is not prejudicial to defendant where the jury by their verdict find the plaintiff entitled to the property.

*Appeal from Montgomery District Court.*—HON. A. B. THORNELL, Judge.

WEDNESDAY, MAY 18, 1898.

ACTION in replevin to recover the possession of a promissory note. The note is for five thousand dollars, and was executed by plaintiff to Nellie M. Roberts. Plaintiff claims that it was obtained from him without consideration, through fraud and duress, and is therefore void. Defendant interposed what was in effect a general denial. The case was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*C. E. Richards, R. W. Beeson* and *P. W. Richards* for appellant.

*J. M. Junkin* and *Smith McPherson* for appellee.

DEEMER, C. J.—Plaintiff and defendant were married in the state of Massachusetts in the year 1866. Defendant then had a husband living, from whom she had not been divorced. Almost immediately after their marriage they took up their residence in the state of Illinois, where they resided until the year 1871, when they moved to Montgomery county, Iowa, where they lived as husband and wife until the year 1883. In the latter part of that year defendant left Iowa for the state of Rhode Island, ostensibly upon a visit, but really with the intention of abandoning her husband. Soon after she was discovered living with one Roberts, a former

resident of Montgomery county, in the city of Provi-
dence, R. I.   Discovering this fact, plaintiff brought
suit for divorce against his wife, and obtained a decree
in the district court of Montgomery county in the year
1887.   Defendant's former husband obtained a divorce
from her in the year 1867.   After plaintiff obtained his
decree, he gave his wife a house and lot in the town
of Villisca worth about four thousand dollars, and also
made an agreement whereby he undertook to pay her
the sum of one hundred dollars per year for support.
Sometime in the year 1884 a letter came to the post office
addressed to the defendant.  The plaintiff took this letter
from the office, opened, read, and burned it.   Some time
in the year 1894 a man, who represented his name to
be Snell, and who claimed that he lived in the state of
Maine, appeared at plaintiff's home in Montgomery
county.   He claimed to be defendant's brother, and
said he had come to get some money for his sister.
Plaintiff claims he threatened that, if it was not
given him, he (Snell) would have plaintiff
arrested, not only for opening the letter, but for living
in adultery with his sister.   Afterwards defendant and
Snell both met plaintiff, and, as he claims, by threats
of arrest and of prosecution for the offenses above
named, induced him to give the note which is in contro-
versy.   The note was taken away by the defendant.
Acting upon the advice of an attorney, plaintiff wrote a
letter to defendant's daughter, saying, in effect, that if
her mother wanted the interest on the note she had
better send it to some bank in Montgomery county. The
note was sent, and plaintiff thereupon brought this
suit to recover it.

   I.   Appellant's first claim is that the court had no
jurisdiction of the case, for the reason that there is no
allegation in the petition that the defendant wrongfully

detained the note. In support of this contention, reliance is placed upon the case of *Draper v. Ellis*, 12 Iowa, 316. That case is not in point, for the reason that the Code of 1851, under which that case was decided, in express terms required a statement of that kind in the petition. See section 1995 of that Code. Aside from this, the defect is not jurisdictional. It goes to the right of the plaintiff to recover in the particular case, and is such a defect as may be waived. See *Reed v. City of Muscatine*, 104 Iowa, 183; *Fulliam v. Drake*, 105 Iowa, *post*. The question was not presented to the lower court, and is here made for the first time. The petition follows the requirements of the statute (Code 1873, section 3225), and is sufficient. But, whether technically accurate or not, the defect was waived by failure to object at a proper time. See authorities cited above.

II. The petition recites that "the note is of no value excepting as a matter of evidence to the plaintiff, and for that purpose, and that only, is of the value of $500." Defendant moved to strike out this allegation, claiming that it was surplusage and redundant matter, and not the actual or apparent value, as required by the statute to be alleged. The motion was properly overruled. See *Savery v. Hays*, 20 Iowa, 25.

III. Appellant moved that plaintiff be required to give an additional bond, for the reason that the property was worth at least five thousand, two hundred and thirteen dollars; and that the bond was for but one thousand dollars. While this motion was pending the note was brought into court, and deposited with the clerk, to abide the order and judgment of the court. The court thereupon overruled the

motion for an additional bond. We see no error in this ruling. But, whether there was or not, appellant suffered no prejudice. The jury found plaintiff was entitled to the note because it was obtained through duress. He was therefore entitled to it whether the bond as originally given was sufficient or not. Had the bond not been given, plaintiff was entitled to have the right of possession decided, and, as the matter was determined in his favor, defendant has no reason to complain of the insufficiency of the bond.

IV. In an amendment to an amendment to the petition plaintiff alleged malicious threats on the part of the defendant and Snell in almost the exact language of section 3871 of the Code of 1873. Defendant moved to strike this amendment, because a mere repetition of prior pleading; and to require plaintiff to state whether he was in fact guilty of the offense of which defendant threatened to accuse him. This motion was overruled, and, as we think, correctly. If the pleading was a mere repetition, the ruling was without prejudice. If it was not then we must determine whether plaintiff should also have pleaded his innocence. An indictment, under the statute just referred to, is sufficient, although it does not allege that the person so threatened was not guilty of the offense. *State v. Waite*, 101 Iowa, 377. If this be true, surely it is not necessary to plead the innocence of the one threatened in a civil suit bottomed upon duress. The law presumes that plaintiff was innocent of the offenses of which the defendant threatened to accuse him. This presumption of innocence supplies the alleged defect, even if it be found that one may not predicate duress upon a threat to prosecute him for an offense of which he is in fact guilty.

V. Defendant demurred to the petition as amended for the reason that there was no allegation therein that plaintiff was in fact, innocent of the charges. This demurrer was overruled. It is said in argument that to constitute duress *per minas* there must be a threat of unlawful imprisonment, and that the pleading must show plaintiff was not in fact guilty of the offenses of which defendant threatened to prosecute him. What we have said in the last preceding division of this opinion fully answers this contention. It is also claimed that the petition, with its amendments, fails to show that the threats were immediate and without immediate means of prevention, and were such as would operate upon a person of reasonable firmness and courage, to cause him to do an act against his will. We think the pleadings sufficiently cover these points. It is alleged that defendant wantonly and maliciously made the threats for the purpose of extorting the note, and as a result of these threats plaintiff was put in fear, and compelled to execute the note without any consideration whatever.

VI. Over defendant's objection, plaintiff was permitted to show a demand for the note before bringing suit. It is argued that this evidence was irrelevant and immaterial. We are inclined to think this is true, for, if the note was wrongfully obtained as alleged, no demand was necessary. But we fail to see how any possible prejudice resulted from the admission of the evidence. Some other errors are complained of in the reception and rejection of evidence which are not of sufficient importance to justify extended consideration. It is sufficient to say we discovered no error.

VII. Appellant claims that the court did not submit to the jury the question of consideration for the note, nor did it submit the question of ratification

pleaded by her. The question of ratification was submitted to the jury by the eighth instruction; and the court fully instructed as to what would constitute a consideration for the note. Moreover, any fault in the instructions with reference to consideration, were cured by the special verdict of the jury, to the effect that the note was founded upon a valuable consideration. The ratification and confirmation pleaded by defendant relates to the letter written to defendant's daughter, and to certain alleged promises made to the bank to which the note was sent, and not to the retention of the alleged agreement for support. This alleged ratification was fully covered by the instructions, as we have heretofore stated.

VIII. The fourth instruction was as follows: "Duress in the making of a contract exists when the person making it is induced to make it by reason of being put in fear by means of threats of arresting him and unlawfully charging him with crime, when the threats and the fear induced thereby are such as would influence a man of reasonable courage and prudence, and do deprive the party making the contract of the exercise of free will in making it. The threatened arrest, however, must be wrongful and unlawful, and apparently about to be enforced." Several objections are lodged against it, none of which are of sufficient importance to justify separate consideration. The instruction is an accurate definition of duress. See Bishop, Contracts, section 715; 6 Am. & Eng. Enc. Law, p. 64, and cases cited; *Baker v. Morton*, 12 Wall. 150.

IX. Complaint is made of the fifth instruction, upon the ground that no such issue as therein presented was made by the pleadings or covered by the evidence. We need not set them out. They relate to the crime for

which it is claimed defendant threatened to have plaintiff arrested, to the right of defendant or any other person to prosecute the same, and to the question as to whether defendant or any one for her made the alleged threats. They are not subject to the objections urged by counsel.

X. As bearing upon the question of ratification, the court gave the following instructions: "It is claimed by the defendant that the plaintiff, after the execution of said note, ratified the execution of same in the summer of 1895. A contract that is fraudulent by reason of same having been procured by means of duress may be ratified and confirmed by the maker thereof if his subsequent acts, with knowledge of all of the facts, are such as to fully indicate that he intends to then agree to and confirm said contract. If it appears from the evidence, by the letter written by plaintiff to his daughter concerning the note in question after same was executed, and by plaintiff's statements concerning the note and its payment by him to the officers of the Red Oak National Bank, that the plaintiff intended at the time of making said statements to assent to and confirm the contract made in said note, and pay the defendant, then such state of facts would amount to a ratification of said note by plaintiff, and would prevent plaintiff from subsequently claiming that said note was obtained from him by duress. But, to amount to a ratification of said note, the plaintiff's acts must have been such as to fully indicate an intention on his part at that time to assent to and confirm the contract contained in said note. If the plaintiff's purpose in writing to his daughter and in making statements to the officers of said bank was to get and keep the note within the jurisdiction of this court, so that he could replevin same from defendant, and not to confirm the contract contained in said note, then said acts and

statement would not, in any event, amount to a ratification of the note. If said note was obtained by duress, to overcome such duress the burden rests with the defendant to show that plaintiff ratified said note, by a preponderance of the evidence." This is challenged by appellant. She argues that ratification, estoppel, or waiver is a legal result, operating upon a certain state of facts, independent of all question of intent. This does not appear to be true. 'Waiver' has been defined to be the intentional relinquishment of a known right." There is no estoppel in the case, except as there may have been ratification. Now, ratification is the adoption or confirmation of a voidable act. It may be by express consent or by conduct inconsistent with any other hypothesis than that of approval. Intention to ratify, either explicit or presumed, is at the foundation of the doctrine of waiver or ratification. As applied to the facts of this case, we think the instruction was correct.

XI. Lastly, it is insisted that the verdict is not sustained by sufficient evidence. A careful examination of the record leads to the conclusion that there was a conflict on every material proposition, and that the jury was justified in returning a verdict for plaintiff. Other questions are disposed of by what has already been said. We have no occasion to decide whether duress may exist when one is threatened with arrest for a crime of which he is in fact guilty. The trial court instructed that the threat must have been of unlawful prosecution and arrest, and the whole charge assumes that, if plaintiff was guilty of the offenses of which defendant threatened to prosecute him, he could not recover. The only doubtful question, aside from the sufficiency of the evidence, is that of waiver. Defendant claims that, as part consideration for the note in controversy, she surrendered to plaintiff his agreement,

wherein he promised to give her one hundred dollars per year for support; that plaintiff accepted this agreement, and still retains it. This allegation appears in division 3 of the answer, and is apparently thrown in with other matters relating to ratification by letter and promises referred to in the eighth instruction. It is followed by a statement that by the writing of the letter and the making of the promises plaintiff was estopped from assailing the validity of the note. If it was the intention of the pleader to set forth the defense of ratification by retention of the contract, it is very inaccurately and obscurely done; and while the court might have instructed with reference to ratification by the retention of the agreement to support, and perhaps should have done so had request been made, yet the defense, if it be one, is stated in such an obscure manner that it was not error for the court to overlook it in its instructions. We may observe in passing, that there is a dispute in the record regarding the receipt of this contract, and it further appears that there is doubt about the validity thereof. As sustaining our conclusion on this branch of the case, see *Shroeder v. Webster*, 88 Iowa, 627, and *Carpenter v. Scott*, 86 Iowa, 563. We find no prejudicial error in the record.—AFFIRMED.