## IN THE COURT OF APPEALS OF IOWA

No. 23-1050
Filed November 13, 2024

**JOHN BERMAN,**
 Plaintiff-Appellant,

**vs.**

**MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY,**
 Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

A California resident appeals rulings denying his motion to reopen a civil cause of action alleging extortion and his motion to disqualify the assigned judge. **AFFIRMED.**

John Berman, Cedar Rapids, self-represented appellant.

David L. Brown of Hansen, McClintock & Riley, Des Moines, for appellee.

Considered by Tabor, C.J., and Chicchelly and Sandy, JJ. Gamble, S.J., takes no part.

**TABOR, Chief Judge.**

California resident John Berman—as a self-represented litigant—sued Minnesota Lawyers Mutual (MLM) Insurance Company for civil extortion in June 2018.[1] Berman is a remainder beneficiary of his mother's trust, the Bella U. Berman Living Trust, administered in Maryland. The trustee is a Maryland attorney, David Modell, who is insured by MLM. Another Maryland attorney, Kristen Draper, represented Modell in his capacity as trustee. The California courts ordered Berman to pay fees and costs incurred in Draper's defense of Modell. MLM filed a subrogation claim against the trust in Maryland seeking reimbursement from Berman's distributive share. Draper emailed Berman informing him of MLM's subrogation claim, which required Modell to delay distribution of the trust proceeds until it was resolved.

In response, Berman filed a civil extortion action in Iowa, alleging that Draper's email was a threat on behalf of MLM "to injure Berman's Trust-distribution property by taking the Trust-distribution money for MLM's use."[2] In defending his choice of forum, Berman alleged that MLM does business in Iowa. In November 2018, the Polk County district court dismissed the suit, finding that it lacked authority to hear Berman's claim of extortion because none of the alleged conduct occurred in Iowa. *See Hall v. Montgomery Ward & Co.*, 252 N.W.2d 421, 424

---

[1] Berman lists a Cedar Rapids address on his court filings.

[2] Meanwhile, Berman petitioned for declaratory relief in California, alleging that MLM "was improperly seeking subrogation as a creditor against Berman's share of the trust assets for the costs it incurred defending Modell in the California and Maryland litigation, thereby causing Modell to withhold the amount of the claim from any distribution." *Berman v. Minn. Laws. Mut. Ins. Co.*, No. A155394, 2020 WL 593388, at *2 (Cal. Ct. App. Jan. 31, 2020).

(Iowa 1977); *cf. Jahnke v. Deere & Co.*, 912 N.W.2d 136, 143–44 (Iowa 2018) (dismissing civil rights action for lack of territorial jurisdiction). Berman did not appeal that ruling.

Over four years later, Berman filed a motion to reopen his extortion case in Iowa. The motion alleged that Iowa had territorial jurisdiction over MLM which "probably confers (or substitutes for) personal jurisdiction." MLM resisted the motion to reopen, pointing out that Berman did not plead any new facts that would give Iowa courts territorial jurisdiction over his civil extortion claim. The district court denied the motion to reopen. It echoed the 2018 ruling, finding Iowa courts had no authority to hear Berman's extortion claim. Berman moved to reconsider and sought to have the trial judge disqualified. The court denied both requests.

Berman now appeals. He lists five issues for review, which are hard to follow and consist largely of attacks on MLM's attorney and the trial judge. But his brief contains a single two-paragraph argument section, alleging "an obvious, concerted fraud to protect MLM."

We review questions of territorial jurisdiction for the correction of errors at law. *State v. Rimmer*, 877 N.W.2d 652, 660 (Iowa 2016). On our review, we adopt the district court's rationale on the issues presented. Iowa courts lack authority to consider Berman's extortion claim because none of the alleged conduct occurred in this state. Berman alleged no new facts in the motion to reopen that would change that reality. And the record shows no cause for disqualification of the judge. A full opinion would not augment or clarify existing law. Thus, we affirm without further opinion under Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**