Orin H. **LENSTRA,** Appellant,

v.

**MENARD, INC.,** and Jon **Caughron,** Appellees.

No. 92–1697.

Court of Appeals of Iowa.

Nov. 29, 1993.

Michael A. Stapleton, East Dubuque, IL, for appellant.

David T. Coriden, Eau Claire, WI, for appellee Menard, Inc.

Gregg L. Owens of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellee Caughron.

Heard by SCHLEGEL, P.J., OXBERGER, C.J., and SACKETT, J.

SCHLEGEL, Presiding Judge.

The plaintiff, Orin H. Lenstra, appeals the district court's ruling dismissing his claims for false arrest and for violation of his civil rights under 42 U.S.C. § 1983. Lenstra asserts the district court erred in granting summary judgment to the defendants on his false arrest claim, arguing genuine issues of material fact existed regarding the defendant's claim of immunity under Iowa Code section 808.12. In addition, Lenstra claims the district court erred in granting summary judgment on the claim regarding the violation of his civil rights on the basis that the defendants were not acting under color of state law, an issue not allegedly raised in the motions for summary judgment.

In August 1989 the plaintiff and his wife were shopping in the Menard store in Dubuque. While in the store he picked up a $1.29 baseball cap, several paint brushes, and some corn curls (snack food). He took these items to a check-out line to pay for them. The cashier charged him for the paint brushes and corn curls but neglected to charge him for the baseball cap. It is undisputed that the cap was laid upon the cashier's counter. Its exact location on the counter is disputed. Lenstra contends it was in the pile of other merchandise, while Jon Caughron, a security officer on duty at Menard, contends it was located a foot to a foot and one-half from the paint brushes and corn curls. It is undisputed that the check-out person did not include the cost of the cap in the charges she recorded. Lenstra left the store with the brushes and corn curls in a sack with the sales receipt attached, carrying the cap in his hand.

Caughron observed Lenstra at the check-out counter and observed him leave the store. Caughron checked with the cashier to determine if the cap had been paid for. The cashier informed Caughron that she had not charged Lenstra for it. With that information, Caughron left the store and went to the pickup truck where Lenstra and his wife were still sitting. Lenstra opened the door of his pickup to get out, just as Caughron came to the pickup truck. Caughron advised Lenstra he had not paid for the baseball cap. Lenstra agreed, saying he had discovered that fact and was returning to the store to pay for the cap. Caughron accompanied Lenstra to the store.

Once inside, Caughron would not permit Lenstra to pay for the cap; instead, Caughron required Lenstra to accompany him to a room in the store where Caughron summoned a Dubuque police officer and made a complaint that resulted in Lenstra's arrest and charge of theft. The police officer issued a citation for violation of Iowa Code sections 714.1(1) and 714.2(5). The subsequent prosecution of the offense resulted in an acquittal.

Lenstra subsequently commenced a civil action against Menard and the security officer, Jon Caughron, asserting claims for false arrest and violation of his civil rights under 42 U.S.C. § 1983. The defendants filed motions for summary judgment, claiming they were immune from Lenstra's false arrest claim under Iowa Code section 808.12 because defendant Caughron had reasonable grounds to believe Lenstra was concealing the cap at the check-out counter. The district court granted the defendants' motion for summary judgment. The court determined Lenstra's testimony was not in conflict with the defendant's testimony that the cap was a foot apart from the other items being purchased. The court determined that as a matter of law there was probable cause for the defendant to detain the plaintiff.

Lenstra filed a motion for new trial challenging the district court's granting of the defendants' motions for summary judgment. Lenstra asserted in part that the immunity provided by Iowa Code section 808.12 was not applicable to a claim under 42 U.S.C. § 1983. The district court entered a ruling denying the motion for new trial, asserting

that no basis for a section 1983 claim existed since the defendants were not acting under color of state law. Lenstra claims the issue was not raised in the motions for summary judgment. Lenstra appeals. We reverse and remand.

The motions for summary judgment were based on the defendants' claim that no cause of action existed under the undisputed facts, considering the provisions of Iowa Code section 808.12(3). This section provides:

3. The detention or search under this section by a peace officer, person employed in a facility containing library materials, merchant, or merchant's employee does not render the person liable, in a criminal or civil action, for false arrest or false imprisonment provided the person conducting the search or detention had reasonable grounds to believe the person detained or searched had concealed or was attempting to conceal property as set forth in section 714.5. [Concealment is material evidence of intent to deprive the owner of the property. *See* Iowa Code § 714.5.]

■ Summary judgment is permitted where no issue of material fact exists and the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237(c); *see Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). The purpose of summary judgment procedure is to determine whether a genuine issue of material fact exists. If so, the case must be litigated, and the court considering the motion for summary judgment cannot pass on the merits of the fact question. *Brubaker v. Barlow*, 326 N.W.2d 314, 315 (Iowa 1982). Even if the facts of a case are undisputed, summary judgment is not proper if reasonable minds could draw different conclusions from the evidence. *Walker Shoe Store v. Howard's Hobby Shop*, 327 N.W.2d 725, 728 (Iowa 1982). In passing upon a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. *Sandbulte v. Farm Bureau Mut. Ins. Co.*, 343 N.W.2d 457, 464 (Iowa 1984).

■ The trial court correctly framed the factual issue for determination. The court stated: "The actual question presented is whether there was sufficient appearance based upon the uncontested fact as to grant to the Defendants the protection of Section 808.12 of the Iowa Code as a matter of law." The trial court went on to state:

The Plaintiff recalls placing the items on the counter together. He does not have their exact location. This testimony is not in conflict with that of Defendant Caughron that the hat was a foot or so separated from the other items and facing away from the cashier so the price tag could not be observed. This was sufficient for Mr. Caughron to check with the cashier to determine if, in fact, the hat had been paid for. The response was negative. Subsequently, the Plaintiff was detained.

The trial court found as a matter of law that probable cause existed to detain plaintiff. Specifically, the court said:

The hat slightly separated and turned in a manner that the cashier could not observe it as a Menard purchase is sufficient to reach the standard of concealment and Caughron, in fact, checked with the cashier based upon that fact.

However, we find that a genuine issue of material fact does exist under this record as to whether reasonable grounds existed to believe that placing the cap on the check-out counter where the cashier had access to it—along with the other items—was an effort to conceal the cap in an effort to deprive the owner of it. Accordingly, we hold the defendants, Menard and Caughron, have failed to achieve their burden of showing the nonexistence of a genuine issue of material fact. Whether reasonable grounds existed for Caughron to believe the plaintiff concealed the cap, thereby evidencing his intent to deprive the store of the property, is a material issue of disputed fact. If such reasonable grounds did exist, Menard and Caughron are immune from civil or criminal liability under Iowa Code section 808.12(3).

In order to properly address that issue, the facts—which are in dispute—must be decided. It is improper for either the district court or this court to decide whether reasonable grounds existed to believe Lenstra had concealed or was attempting to con-

ceal property as set forth in Iowa Code section 714.5. Determination of that issue is for the fact finder. There is no test in the law, other than the trial court or this court assuming the role of fact finder, to determine that fact as a matter of law. We hold the trial court erred in granting summary judgment.

■ With respect to the second count of plaintiff's petition, plaintiff claims he was, by his arrest, deprived of his civil rights under 42 U.S.C. § 1983. The actions of Menard and Caughron set into motion the arrest and charging of Lenstra, requiring him to mount a defense to the charge of theft. Menard and Caughron urge that since Lenstra voluntarily accompanied Caughron into the store, no arrest occurred. There are facts in the record, however, from which the fact finder could find that an arrest occurred since Lenstra was not permitted to pay for the cap or to leave the store. In addition, the reasoning applied to count I above also applies to this count. Accordingly, we determine the court erred in granting summary judgment as to count II as well.

For these reasons, we reverse the trial court's grant of summary judgment as to both counts of plaintiff's petition and remand this case to the district court for further proceedings in accordance with this decision. Costs are taxed to the defendants, Menard and Jon Caughron.

**REVERSED AND REMANDED.**

DONIELSON, J., takes no part.