Jack ZOHN, Debra Pearson, Jim Foster, Louis Hays, Judy Lampe, Paul Prangler, Doug Rice, Ollie Wright, Odilon Sales, Ronnie G. Newton, and Marva Harris, Appellants,

v.

MENARD, INC., Midland Security & Express Co., Unknown Security Companies, Unnamed Employees and Agents, and William Payne, Appellees.

No. 97–1876.

Court of Appeals of Iowa.

April 30, 1999.

Theodore F. Sporer, West Des Moines, for appellants.

Andrew D. Hall and John Werner of Grefe & Sidney, Des Moines, for appellee-Menard Inc.

F. Richard Lyford and Susanna M. Albaugh of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, for appellees-Midland Security & Express Co.

Heard by SACKETT, C.J., and HUITINK, STREIT, VOGEL, and MAHAN, JJ. Zimmer, J., takes no part.

HUITINK, J.

### I. Background Facts and Proceedings.

Jim Foster, Ronnie G. Newton, Douglas Rice, Paul Prangler, Odilon Sales, Louis Hays, Olivia Wright and Marva Harris (plaintiffs) were among twelve plaintiffs who sued Menards, Inc. and Midland Security (defendants) seeking damages allegedly caused by the tortious conduct of Menard's and Midland's employees. All plaintiffs were variously detained, questioned, and subjected to personal or automobile searches by security personnel at Menard's Des Moines and Ankeny stores. The plaintiffs theories of recovery included false imprisonment (all plaintiffs), and extortion (Prangler and Sales). The defendants denied liability under both of these theories and claimed entitlement to judgment as a matter of law on all of the plaintiffs' claims. The district court agreed as to the above plaintiffs and granted the defendants' joint motion for summary judgment. The claims of the remaining plaintiffs that survived summary judgment either proceeded to trial or were otherwise resolved.

The district court premised its disposition of the plaintiffs' false imprisonment claims on the defendants' statutory "immunity" from civil liability for false imprisonment claims by customers suspected of shoplifting. The court rejected plaintiffs' extortion theories citing the absence of any evidence the defendants obtained anything of value by threatening to accuse the plaintiffs with a public offense.

On appeal, the plaintiffs contend the summary judgment record includes disputed issues of fact concerning their false imprisonment claims and defendants' immunity defense. Prangler and Sales contend the defendants obtained valuable incriminating statements from them by threatening to file criminal charges and the district court erred by concluding otherwise.

### II. Standard of Review.

Our standard for reviewing a grant of a motion for summary judgment are well established:

We will uphold a grant of summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the litigation, given the applicable governing law.

When we review the propriety of a grant of summary judgment, the moving party is required to show that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law. In determining whether the movant has met this burden, we review the record in a light most favorable to the party opposing summary judgment, in this case the plaintiff.

In this sense, we review the record as we would on a motion for directed verdict, with the nonmoving party entitled to every legitimate inference that reasonably can be deduced from the evidence and summary judgment is inap-

propriate if reasonable minds can differ on how the issue should be resolved. *Dickerson v. Mertz,* 547 N.W.2d 208, 212 (Iowa 1996) (citations omitted).

### III. Plaintiffs' False Imprisonment Claims.

■■■ The district court's summary judgment ruling provides:

> With regard to the claims of False Imprisonment, except for the Plaintiff Zohn, all other named Plaintiffs have been unable to show their required levels of proof regarding summary judgment considering the provisions of Iowa Code Chapter 808.12(1), Chapter 808.12(3), and Chapter 714.5. For that reason, the Defendants' motions for summary judgment against all plaintiffs for false imprisonment, except Zohn, should be and the same are hereby granted and those claims are dismissed. . . .

False imprisonment is the unlawful restraint of an individual's personal liberty or freedom of locomotion. *Sergeant v. Watson Bros. Transportation Co.,* 244 Iowa 185, 196, 52 N.W.2d 86, 92; Restatement (Second) of Torts § 35 (1965); 32 Am.Jur.2d *False Imprisonment* § 1 (1982). The essential elements of this tort are "(1) detention and restraint against one's will and (2) the unlawfulness of such detention or restraint." *Valadez v. City of Des Moines,* 324 N.W.2d 475, 477 (Iowa 1982) (quoting *Sergeant,* 244 Iowa at 196, 52 N.W.2d at 93).

The district court's determination that Menards and Midland were immune from civil liability was premised on Iowa Code section 808.12. This statute provides:

> 1. Persons concealing property as set forth in section 714.5, may be detained and searched by a peace officer, person employed in a facility containing library materials, merchant, or merchant's employee, provided that the detention is for a reasonable length of time and that the search is conducted in a reasonable manner by a person of the same sex and according to subsection 2 of this section.
>
> 2. No search of the person under this section shall be conducted by any person other than someone acting under the direction of a peace officer except where permission of the one to be searched has first been obtained.
>
> 3. The detention or search under this section by a peace officer, person employed in a facility containing library materials, merchant, or merchant's employee does not render the person liable, in a criminal or civil action, for false arrest or false imprisonment provided the person conducting the search or detention had reasonable grounds to believe the person detained or searched had concealed or was attempting to conceal property as set forth in section 714.5.

Iowa Code section 714.5 provides in pertinent part:

> The fact that a person has concealed . . . unpurchased property of a store or other mercantile establishment, either on the premises or outside the premises, is material evidence of intent to deprive the owner, and the finding of . . . unpurchased property concealed upon the person or among the belongings of the person, is material evidence of intent to deprive and, if the person conceals or causes to be concealed . . . unpurchased property, upon the person or among the belongings of another, the finding of the concealed . . . property is also material evidence of intent to deprive on the part of the person concealing the . . . goods.

■■■ The issue of the existence of reasonable grounds for detention by a shopkeeper is generally a question of fact for the jury. *Lenstra v. Menard, Inc.,* 511 N.W.2d 410, 412 (Iowa App.1993). However, if the material facts on the issue of reasonable grounds for detention are undisputed, the issue becomes a question of law for the court. *Children v. Burton,* 331 N.W.2d 673, 681 (Iowa 1983)(finding question of probable cause in civil false arrest

action was a question of law when the pertinent facts are not in dispute). With these principles in mind, we turn to the plaintiffs' individual false imprisonment claims.

### Jim Foster.

■ Foster was detained and searched by an employee at Menard's Ankeny store who told Foster he needed to search Foster's shoulder bag. In his deposition, Foster testified:

Q. What was your response?

A. I said why?

Q. What did he [the employee] say?

A. He said, it's a new store policy. I asked him since when? He said, since they have been having a lot of shoplifting. I said okay. So he searched my bag.

Foster was briefly detained and left the store after the search disclosed no concealed property.

Defendants do not dispute Foster's factual version of this encounter, nor do they claim the employee had reasonable grounds to believe Foster concealed or attempted to conceal any property. Rather, defendants contend, on these undisputed facts, Foster cannot prove he was detained against his will. We disagree.

■ As noted earlier, the disposition of Foster's claim was premised on section 808.12(3). In the absence of evidence that anyone had reasonable grounds to believe Foster concealed or attempted to conceal property, the district court's contrary conclusion is clearly erroneous and must be reversed. We nevertheless address the defendants' claim that Foster was not detained against his will because this issue was raised in the district court, in this appeal, and may reoccur on remand. *See Galloway v. Bankers Trust Co.*, 420 N.W.2d 437, 441 (Iowa 1988) (court may affirm where any proper basis appears for the district court's ruling even though it is not the one upon which the district court based its ruling).

■ Detention or restraint against one's will does not need to be accomplished by physical force or threats of physical force. *Hobbs v. Illinois Cent. R. Co.*, 182 Iowa 316, 339, 165 N.W. 912, 918–19 (1917); Restatement (Second) of Torts § 40 at 61 (1965); 32 Am.Jur.2d False Imprisonment § 18 (1995). The requisite confinement can also result from submission to asserted legal authority. Restatement (Second) of Torts § 41 at 61 (1965). We believe Foster's alleged submission to the employee's asserted authority to search Foster's bag raises a genuine issue of material fact concerning the involuntariness of his confinement.

■ We also reject the notion that the brevity of Foster's confinement is insufficient as a matter of law to establish false imprisonment. *Fox v. McCurnin*, 205 Iowa 752, 757, 218 N.W. 499, 501 (1928); 32 Am.Jur.2d False Imprisonment § 17 at 58 (1995)(It is the fact of detention rather than its length that is relevant). The district court's judgment dismissing Foster's false imprisonment claim is reversed and remanded for further proceedings.

### Douglas Rice.

■ Rice was detained as he left Menard's Des Moines store. An assistant manager told Rice someone saw Rice place a bottle of glue in his pocket. A subsequent search of Rice's pocket failed to disclose a bottle of glue.

Rice disputes these allegations and testified he did not enter the section of the store where bottles of glue were located. Under these circumstances, we conclude there is a genuine issue of material fact concerning the existence of reasonable grounds for anyone to detain or search Rice. See *Lenstra v. Menard, Inc.*, 511 N.W.2d at 412. We also reject defendants' claim Rice cannot show he was involuntarily confined for the same reasons stated earlier concerning Foster's claim. We reverse the district court's dismissal of

Rice's false imprisonment claim and remand for further proceedings.

### Ronnie Newton.

■ Newton was detained after a Menard's employee observed Newton leaving the store with two cans of paint without a "paid" sticker on the paint cans verifying payment. The employee escorted Newton to the appropriate cash register to verify payment. When payment was verified, Newton was allowed to leave.

Although Newton claims Menard's employees ordered him to leave the store following this incident, he does not dispute the employee's version of the facts. We believe on these undisputed facts, the defendants have established reasonable grounds for Newton's detention as a matter of law. The district court's disposition of Newton's false imprisonment claim is accordingly affirmed.

### Paul Prangler.

■ Prangler was detained after a Menards employee saw him place a drill bit into a paper folder and leave the store without paying for it. Prangler's vehicle was subsequently stopped in the store parking lot and searched. When Prangler failed to produce a receipt verifying his purchase of the drill bit at another store, he was escorted to a private office, detained and questioned for approximately two hours about this and earlier theft allegations against him. Prangler claims he was told no criminal charges would be filed against him if he signed a written confession and release. Prangler signed the confession and release and was allowed to leave.

Like Newton, Prangler claims his interrogators were rude and verbally abusive. He, however, does not dispute the fact he was seen placing a drill bit in his folder and leaving the store without paying for it.

■ based on these undisputed facts, Prangler's initial detention was supported by reasonable grounds, we nevertheless find it necessary to reverse. As noted earlier, Prangler claims he was detained and interrogated at length concerning prior theft allegations. Because the record does not contain evidence of reasonable grounds to believe Prangler concealed anything on prior occasions, there are genuine issues of fact concerning the reasonableness of the grounds for Menard's suspicions, and length or purpose of Prangler's detention. The district court's dismissal of Prangler's false imprisonment claim is therefore reversed and remanded for further proceedings.

### Louis Hayes, Marva Harris, and Ollie Wright

The false imprisonment claims made by these plaintiffs are commonly based on their detention and search of their cars within the confines of a fenced and gated lumber yard next to Menard's Urbandale store. Hayes and Harris each purchased items stored within this area and entered through a guarded gate to load these items in their cars. After loading the purchased items, each proceeded to the exit gate and presented receipts verifying purchase of the items loaded in their cars. Although Hayes and Harris claim the purchased items were plainly visible and accounted for, a security guard nevertheless insisted on searching the interior and trunk of their cars.

Wright entered the yard to exchange an item purchased earlier. After exchanging this item, Wright drove to the exit gate and waited briefly in a line of other departing vehicles. After growing impatient, Wright attempted to drive around the line of waiting vehicles and leave through the entrance gate. A security guard stopped Wright's car and searched it, including the trunk.

[13] Menard ■ no claim of reasonable grounds to believe Hayes or Harris concealed anything in their cars. Menard instead relies on a prominently displayed sign at the entrance to the yard announcing that all vehicles were subject to search upon departure from the yard. They argue any customers' entry into the yard

was conditioned on the customer's consent to a vehicle search and accordingly any resulting detention or search was voluntary. All plaintiffs deny seeing any sign or otherwise consenting to detention or search of their cars.

The defendants' implied consent theory enjoys considerable support from other jurisdictions that have considered similar claims. *See, e.g., Gillett v. State,* 588 S.W.2d 361, 363–64 (Tex.Cr.App. 1979)(search of customer on exit from a dressing room displaying similar warning); *Lewis v. Dayton Hudson Corp.,* 128 Mich. App. 165, 339 N.W.2d 857, 860 (Mich.App. 1983)(no expectation of privacy in presence of such warnings); *U.S. v. Edwards,* 498 F.2d 496, 500 (2d Cir.1974)(search of airline passenger baggage reasonable because of sign announcing that passengers and luggage were subject to search); *but see Stroeber v. Commission Veteran's Auditorium,* 453 F.Supp. 926, 933 (rock concert patrons did not voluntarily consent to searches because they were not forewarned until entering premises and content of similar warning sign was insufficient to establish implied consent).

 At the very least, the disputed existence of or plaintiffs failure to notice signage at the entry of the yard generates a fact question on the implied consent issue. Moreover, we find the reasoning in *Stroeber* highly persuasive and conclude the presence of signs warning of possible vehicle searches does no more than raise a fact question on the issue of plaintiffs' consent to detention and search. In any event, we hold the detentions and searches of the Hayes and Harris vehicles did not fall within the purview of the reasonable ground protections of section 808.12(3). There is no claim of reasonable grounds supporting either detention and search. Additionally, Hayes and Harris's random selection for detention and search is undisputed. We therefore reverse the district court's dismissal of Hayes' and Harris' false imprisonment claims.

 Wright's claim is distinguishable from the others. We hold Wright's attempt to drive around the line of waiting cars to exit through the entrance gate provided reasonable grounds as a matter of law for his detention and subsequent search of his car. The district court's dismissal of Wright's false imprisonment claim is affirmed.

## IV. Paul Prangler's and Odilon Sales' Extortion Claims.

 Prangler and Sales were both detained and questioned by Menard's employees. Each was assured that no criminal charges would be filed against them if they signed written confessions, restitution agreements, and a waiver of rights form absolving Menards from civil liability. Both signed as requested and no criminal charges were filed against them. Each subsequently received a letter from Menards demanding restitution pursuant to Iowa Code section 645.2.[1]

Iowa first recognized a civil cause of action for a violation of the criminal extortion statute in *Hall v. Montgomery Ward & Co.,* 252 N.W.2d 421 (Iowa 1977). *See also* Iowa Code § 711.4 (1997).[2] In

---

1. Iowa Code section 645.2 provides:

 An action for recovery of merchandise or the purchase price, damages, and costs may be brought by an owner pursuant to this chapter in any court of competent jurisdiction, including a court of small claims if the claim does not exceed jurisdictional limits. A conviction under chapter 714 is not required as a condition precedent to the maintenance of an action pursuant to this chapter.

2. Iowa Code section 711.4 provides in pertinent part:

 A person commits extortion if the person does any one of the following with the purpose of obtaining for oneself or another anything of value, tangible or intangible, including labor or services:
 1. Threatens to inflict physical injury on some person, or to commit any public offense.
 2. Threatens to accuse another of a public offense. . . .

*French v. Foods, Inc.,* 495 N.W.2d 768 (Iowa 1993), the supreme court modified *Hall* to reflect legislative changes to section 711.4. In *French,* the court held:

> [s]ection 711.4 is now limited to conduct aimed at obtaining something of value and no longer prohibits compelling a person to perform an act against their will.

*Id.*

The district court summarily disposed of Prangler and Sales' extortion claims stating:

> ... none of them have been able to sustain their burden to sustain such claims. Specifically, they have failed to show the Defendants did anything for the purpose of obtaining anything of value and specifically that the Iowa statute [711.4] no longer prohibits compelling a person to perform an act against his or her will and the requested signing of confessions and/or restitution agreements....

Defendants, citing *French,* claim they obtained nothing of value by compelling Prangler or Sales to sign a confession, release, or restitution agreement in exchange for their willingness to forego criminal charges. We disagree.

The "anything of value" element of extortion has been more extensively considered in *State v. Crone,* 545 N.W.2d 267 (Iowa 1996). In *Crone,* the court stated:

> The change in language made in section 711.4 merely altered the focus of our analysis in deciding whether a threat falls within the statute; we now look to whether the defendant hoped to obtain anything of value for himself or another. Under the old statute, there were alternate focal points; whether the defendant intended to extort money or a pecuniary advantage or whether the defendant attempted to compel the person threatened to do an act against that person's will. As we noted in *French,* the new statute did, in one sense, "limit" the prohibited conduct by eliminating the

second alternative; a threat *only* designed to compel a person to do something against that person's will does not violate the statute. However, the amended statute also *broadened* the crime of extortion in Iowa because extortion is no longer limited to attempts to extort "money or pecuniary advantage"; the extortion of "anything" of value is no sufficient. Consequently, if a defendant's conduct is done for the purpose of obtaining something of value for himself or another, that conduct falls within the scope of the statute even through the defendant's threat might also be intended to compel the threatened person to do something that person does not want to do.

> \* \* \*

> Because the legislature did not define the word "value," we use its ordinary meaning. *See State of Iowa ex rel. Lankford v. Allbee,* 544 N.W.2d 639, 640 (Iowa 1996); [*State v. ]Romeo,* 542 N.W.2d [543] at 548; Iowa Code § 4.1(38) (1995). The dictionary defines value in several ways, two of which are potentially applicable here. One meaning is "the *monetary* worth of something." Webster's Third New Int'l Dictionary 2530 (1993)(emphasis added). Another meaning is *"relative* worth, utility, or importance." *Id.* (emphasis added).

> \* \* \*

> The word "value" is modified in section 711.4: *"anything* of value, tangible or *intangible."* Iowa Code § 711.4 (1993) (emphasis added). We think this language clearly points to the broader definition of "value,"-*"relative* worth, utility, or importance," not the narrow definition-"the *monetary* worth of something."

*Id.* at 272.

We, like the court in *Crone,* believe the district court's reading of *French* is too broad. The usefulness of the documentation obtained from plaintiffs to secure restitution is arguably "anything of value" as

defined in *Crone*. Because Prangler and Sales have raised resulting issues of fact concerning this element, we reverse the district court's dismissal of their extortion claims and remand for further proceedings. We have considered all of the parties remaining claims and find them to be without merit.

## V. Summary.

The judgment of the district court is affirmed in part reversed in part and remanded with further proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**