OPINION OF THE COURT
John J. Connell, J.
The following constitutes the opinion, decision and order of the court.
*85 The defendant is charged in this indictment with the crimes of robbery in the first degree and grand larceny in the third degree allegedly committed on or about June 21, 1986. It is conceded by the People that the only evidence that will be presented at trial linking the defendant to the commission of these crimes is the eyewitness identification of Christine Bailey. Ms. Bailey was allegedly present at the time the defendant stole the purse of her friend, Haley Woods, at knifepoint in a lit parking lot at around midnight. Ms. Bailey had a view of the suspect for approximately 30 to 60 seconds. Subsequent to the robbery, Ms. Bailey gave a partial description of the suspect and helped complete a composite drawing. She also viewed several mug books and ultimately a photo array of six male blacks. She picked out the photo of the defendant, who was the only person in the array wearing a hat. At a suppression hearing held on the identification, this court suppressed the photo array as being impermissibly suggestive but made a finding that there was an independent basis for Ms. Bailey’s in-court identification of the defendant.
The defendant seeks to call as an expert witness Dr. Kathleen Chen who is a professor of psychology at the Rochester Institute of Technology. Dr. Chen holds a Ph.D. in experimental psychology and, the defendant asserts, is an expert in the field of memory, perception and its relation to identification testimony. The defendant proposes to call Dr. Chen to assist the jury in their consideration of the eyewitness testimony of Christine Bailey. Dr. Chen will testify with respect to scientific studies demonstrating relevant factors to consider on the reliability of an eyewitness identification. Those factors include the following: the delay between the crime and the identification; the violence of the crime; the stress on the eyewitness; the cross-racial aspect of the identification; the selectivity of perception; the introduction of suggestiveness through photo arrays; the effect of repeated viewings; and other relevant factors.
In support of their position, the defendant cites People v Cronin (60 NY2d 430) and People v Brooks (128 Misc 2d 608). In opposition, the People cite People v Schor (135 Misc 2d 636) and take the position that to allow Dr. Chen to testify would be in effect to preempt the fact-finding function of the jury by way of presenting the expert’s opinion as to the ultimate issue of fact for the jury.
While the defendant also takes a position that such experts *86 should be allowed to testify in all cases involving identification testimony, this court is not prepared to take that step. Nor have any other courts which have addressed the issue of expert testimony as it relates to the ultimate issues of fact to be determined by a jury (People v Cronin, supra; People v Brooks, supra; People v Schor, supra). Rather, those courts require a Trial Judge to view the particular facts of the case before him or her and exercise judicial discretion on a case-by-case basis in deciding whether to allow such testimony before a jury.
Trial and appellate courts have long recognized the great care that must be taken in instructing the jury on the issue of identification — especially where eyewitness identification is the "sole evidence” in the case since mistaken identification " 'probably accounts for more miscarriages of justice than any other single factor — perhaps it is responsible for more such errors than all other factors combined’ ” (United States v Wade, 388 US 218, 229; 1 CJI[NY] part 10, at 575 [1st ed]).
Although trial and appellate courts pre-Cronin have refused to allow expert testimony on the issue of identification trustworthiness, there now appears to be an extensive body of scientific studies that detail the processing of information, perception, memory and recall. The Court of Appeals has set the standard for the admissibility of expert testimony: "The guiding principle is that expert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror” (De Long v County of Erie, 60 NY2d 296, 307; People v Cronin, supra; People v Allweiss, 48 NY2d 40; Selkowitz v County of Nassau, 45 NY2d 97). The courts in several States have approved this type of testimony to be admissible to fully inform a jury about the scientific advances in this area (People v McDonald, 37 Cal 3d 351, 208 Cal Rptr 236, 248, 690 P2d 709; State v Chappie, 135 Ariz 281, 660 P2d 1208, 1221; State v Galloway, 275 NW2d 736, 738-739 [Iowa]; Expert Testimony and Eyewitness Identification, 91 Case & Com 26 [Mar.-Apr. 1986]).
In the case at bar, a case involving a knifepoint forcible larceny in an artificially lit parking lot at midnight, in a case where the eyewitness’s view of the suspect was a matter of a minute or less, this court will exercise its discretion and allow Dr. Chen’s testimony to be heard by the jury under the following conditions: (1) Dr. Chen’s expertise in the field of memory and perception and its relation to identification testi *87 mony must first be established outside the presence of the jury. If that is done, it may again be stated before the jury. (2) Her testimony will be limited to a discussion of the factors which scientific research has demonstrated are relevant in a determination of whether or not a reliable identification has been made. (3) Dr. Chen will not be allowed to render an opinion as to the general reliability of eyewitness identification testimony nor render an opinion as to the reliability and/ or credibility of Christine Bailey in this case. (4) Dr. Chen will be prohibited from testifying that undue emphasis is placed on laymen identification. (5) Dr. Chen will be precluded from testifying that cross-examination is not an effective tool to discern unreliability of eyewitness testimony. (6) She will be allowed to testify as to scientific studies with which the jurors would not otherwise be familiar.
Accordingly, the defendant’s application to call Dr. Chen as an expert witness is hereby granted under the conditions set forth above.