James E. WILD and Lois E. Wild, Appellants,

v.

Lester F. BURESH and Doris M. Buresh, Husband and Wife, and E.J. Buresh a/k/a Ernest J. Buresh and Joanne Buresh, Husband and Wife, and Charles B. Vernon and Mary Sue Vernon, Husband and Wife, Appellees.

James E. WILD and Lois E. Wild, Appellants,

v.

Lester F. BURESH and Doris M. Buresh, Husband and Wife, and E.J. Buresh a/k/a Ernest J. Buresh and Joanne Buresh, Husband and Wife, and Stone City Log Homes, Inc., Appellees.

James E. WILD and Lois E. Wild, Appellants,

v.

Lester F. BURESH and Doris M. Buresh, Husband and Wife, and E.J. Buresh a/k/a Ernest J. Buresh and Joanne Buresh, Husband and Wife, and KRL Ranch, Inc., Appellees.

No. 94–790.

Supreme Court of Iowa.

June 21, 1995.

**566**

Richard D. Raymon, Cedar Rapids, for appellants.

Matthew G. McQuillen of Remley, Willems & McQuillen, Anamosa, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

LARSON, Justice.

This case involves a notice by the holder of a sheriff's deed to a former mortgagor that the property was about to be sold and giving the mortgagor the first opportunity to buy it. *See* Iowa Code § 654.16A(5) (1993). The question is whether notice sent by certified mail, return receipt requested, is sufficient or whether the notice must be sent by *restricted* certified mail. We agree with the district court that the notice need not be sent by restricted certified mail and therefore affirm.

The Citizens State Bank of Anamosa foreclosed on several parcels of agricultural land owned by James and Lois Wild. The bank purchased the land at a sheriff's sale. It assigned its rights to E.J. and Lester Buresh on December 31, 1992. Following the one-year period of redemption, a sheriff's deed was issued to the Bureshes, who proposed to sell the property. This triggered the provi-sions of Iowa Code section 654.16A(2), which provides the mortgagor with a right of first refusal:

> If, after a sheriff's deed is recorded, the grantee proposes to sell or otherwise dis-pose of the agricultural land, in a transac-tion other than a public auction, the grant-ee shall first offer the mortgagor the op-portunity to repurchase the agricultural land on the same terms and at the same price that the grantee proposes to sell or dispose of the agricultural land.

Notice of the proposed sale is to be made in accordance with Iowa Code section 654.16A(5):

> Notice of the mortgagor's right of first refusal, a proposed sale, auction, or other disposition, or the submission of a binding offer by the mortgagor, is considered given on the date that notice or offer is personal-ly served on the other party or on the date that notice or offer is mailed to the other party's last known address by *registered or certified mail, return receipt requested.*

(Emphasis added.)

On November 10, 1993, the Bureshes mailed the notice by certified mail, return receipt requested. They did not specify re-stricted delivery. The notice was delivered to the Wild residence on November 12, and a Douglas C. Morris signed the receipt. The Wilds maintain that they did not know Mor-ris and that he must have been a passerby or possibly even a burglar.

█ Under Iowa Code section 654.16A(4) a mortgagor has ten days to submit an offer after receiving this notice. The Wilds did not reply within that time, and the land was sold. The Wilds filed petitions to set aside the land transfers, and the district court consolidated all the cases for purposes of summary judgment. The Wilds maintain that certified mail notice does not comply with section 654.16A(5), and if unrestricted mail service is sufficient under that section, the section violates due process by permit-ting a stranger to sign for the notice.

Section 654.16A(5) does not expressly re-quire that the notice be sent by restricted certified mail. Iowa Code section 618.15

clearly distinguishes between certified mail and restricted certified mail. That section provides:

> Wherever used in this Code, the following words shall have the meanings respectively ascribed to them unless such meanings are repugnant to the context:
>
> 1. The words, "certified mail" mean any form of mail service, by whatever name, provided by the United States post office where the post office provides the mailer with a receipt to prove mailing.
>
> 2. The words, "restricted certified mail" mean any form of certified mail as defined in subsection 1 which carries on the face thereof, in a conspicuous place where it will not be obliterated, the endorsement, "Deliver to addressee only", and for which the post office provides the mailer with a return receipt showing the date of delivery, the place of delivery, and person to whom delivered.

Because section 654.16A(5) authorizes service by mere certified mail and the Bureshes complied with that requirement, there is no issue of material fact under section 654.16A(5). The court therefore properly entered summary judgment.

The Wilds also argue that service by certified mail denied them due process because failure to restrict delivery permitted an alleged stranger to sign for the mailed notices. They did not, however, raise this issue in the district court. While they alluded to a due process argument in resistance to the motion for summary judgment, this was only with respect to another argument involving whether the land should be sold in one or more parcels. They did not raise the constitutional argument on the issue of notice. They have therefore waived it.

We find no error in the entry of the summary judgment and therefore affirm.

**AFFIRMED.**