# IN THE COURT OF APPEALS OF IOWA

No. 16-0001
Filed January 25, 2017

**LOUISE A. NATH,**
        Plaintiff-Appellant,

**vs.**

**PAMIDA STORES OPERATING CO., LLC and SHOPKO STORES OPERATING CO., LLC,**
        Defendants-Appellees.
_____

Appeal from the Iowa District Court for Winnebago County, Gregg R. Rosenbladt, Judge.

Louise A. Nath appeals from the summary judgment dismissing her petition alleging a claim of extortion against her former employer. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Shaun Thompson of Newman Thompson & Gray, P.C., Forest City, for appellant.

Amanda M. Atherton of Nyemaster Goode, P.C., Des Moines, for appellees.

Considered by Doyle, P.J., Tabor, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**GOODHUE, Senior Judge.**

Louise A. Nath appeals from the summary judgment dismissing her petition alleging a claim of extortion against her former employer, Shopko.  She further appeals from the motion for partial summary judgment dismissing her claim for lost wages and pain and suffering and from an order striking her designation of an expert witness.

## I.      Background Facts and Proceedings

Nath, who is sixty-nine years old, was a part-time employee of Shopko.  The events appeared to have taken place during the transition stage after Pamida Stores Operating Co., L.L.C. had been sold to Shopko Stores Operating Co., L.L.C.  No request was made to separate the liability of the two parties, and both will be referred to as Shopko.

On October 4, 2012, Nath was called to a meeting with Jen Doering, the acting store manager, and Jill Simpson, a Shopko loss-prevention leader.  What was said at that meeting is a source of substantial and significant disagreement.  It is agreed Simpson confronted Nath about the alleged theft of a bottle of water taken from the Shopko store on September 29, 2012.

According to Nath, during the meeting, she was accused of the theft and was told there were four witnesses that saw her take the bottle of water, which, later during the meeting, Simpson corrected to three witnesses.  The witnesses were not present or named until much later, when Shopko produced records indicating Lisa Matthews was one of the observers of the theft.  Simpson advised Nath she owed Shopko four dollars and ninety-nine cents for the full case of water, as individual bottles were not readily salable at Shopko.  During the

meeting, Simpson produced a document entitled "Teammate Consent to Restitution," which she asked Nath to sign. Nath claims she was badgered after she repeatedly denied wrongdoing, and Simpson told her the police would be called and Nath would be prosecuted. Because Nath believed that she would not be prosecuted if she paid the $4.99, she gave Simpson $5 and signed the document, which provides:

> . . . I hereby promise to pay the sum of $4.99 which represents the value of stolen unrecovered Shopko property . . . .
> I understand that this acknowledgment of my obligation and promise to pay does not affect any possible criminal charges. Shopko representatives have made no promises to me with regard to any criminal charges. I also understand that Shopko may make a civil claim for any unpaid damages and penalties provided by the state retail theft civil recovery law.

Nath claims she was upset and did not read or understand the document.

About one week later, Nath's employment was terminated on the basis of theft. Follow-up letters were sent by Shopko threatening civil proceedings to recover its costs of investigating and recovering the cost of the bottle of water and again mentioning the possibility of criminal charges. There is no indication any criminal charge was filed.

On November 5, 2012, Nath filed for unemployment benefits. Initially benefits were denied on the basis Nath had been discharged for cause—the theft of the water bottle. A hearing was held on March 5, 2013. Lisa Matthews was called as a witness, and she testified she never saw anyone steal a bottle of water from the Shopko store and that she did not even know who Nath was. There was no testimony from anyone that claimed to have seen Nath take the bottle of water or any other Shopko property. Shopko relied on the restitution

demand and Simpson's testimony that Nath had orally admitted committing the theft at the October 4 meeting, which Nath denied. Because Shopko failed to show Nath was terminated for cause, Nath was granted unemployment benefits.

Nath filed a petition alleging that Shopko had obtained the $5 and the restitution demand by threatening a criminal charge—or, in other words, by extortion. Nath has made claim for lost wages, pain and suffering, punitive damages for having been falsely accused of theft, reimbursement of the $5 she paid Shopko, attorney fees in this action, and expenses incurred in her efforts to obtain her unemployment benefits.

Nath designated an expert witness in the area of human resource management, who was expected to testify as to the industry standard of human resource management in regard to Shopko's actions in this matter. Shopko filed a motion to have the designated witness struck. The motion to strike was granted.

Shopko then filed a motion for summary judgment. The motion was supported by Simpson's affidavit, which asserts she met with Nath on October 4, 2012, simply advised Nath she could be prosecuted for theft, and asked her to sign the restitution demand. Simpson's affidavit explicitly states she did not request Nath to pay $5 and sign the restitution demand in exchange for not filing a theft charge.

Nath filed but then withdrew a motion for summary judgment. The attorney that represented Nath during the administrative hearing executed an affidavit setting out the events that took place at the administrative hearing and attached a transcript of the hearing itself. Nath integrated the affidavit with her

resistance to Shopko's motion for summary judgment. The hearing transcript revealed that when Nath was asked, "Was it your impression that if you didn't give them $5 that there would be prosecution?" she answered, "I—yes, absolutely." Later, when questioned by her counsel, the following exchange took place:

> Q. Why did you pay $5 that day? She said you—you gave her $5 or something. Why did you do that? A. She threatened to call the police. She says I could call the police. And then she says Shopko will prosecute.
> And on the slip of paper I recalled it saying $4.99. And I thought okay, if this is just going to make this whole thing go away where they're just going to leave me alone because I did not steal this—and I happened to have $5.00 with me. I knew it—well, I had money with me. And I just—I just handed it to her.

Further, in answer to an interrogatory propounded by Shopko, asking Nath what the substance of the threat made against her was, she reponded: "Pay money and sign 'Teammate Consent to Restitution' or police will be called and you will be prosecuted for Theft." When asked the item of value Shopko was trying to obtain by the threat, she answered, "$4.99; a written extorted 'confession.'"

Shopko contends that since Nath did not direct the trial court to the interrogatory, she cannot refer to it on appeal, citing *Wild v. Buresh*, 533 N.W.2d 565, 567 (Iowa 1995), as authority. *Wild* refers to issues not brought before the trial court and not each item of evidence involved. 533 N.W.2d at 567. The issue of whether there was material evidence of a threat was clearly before the trial court.

The district court sustained the dispositive motion for summary judgment on the basis Nath had not presented a material dispute of fact supporting her

extortion claim. The court specifically granted the partial motion for summary judgment as to attorney's fees on a secondary basis that Shopko's acts did not rise to the level of oppression or connivance to justify an award of attorney's fees. Also, it specifically disallowed any claim for mental distress and suffering on the basis that the Workers Compensation Act provides the exclusive remedy for a workplace injury. It also held lost wages are not an element of damage in an extortion claim. The district court did not separately rule on the motion for partial summary judgment regarding the issues of punitive damages, the amounts Nath expended in securing her unemployment benefits, or the $5 Nath paid. Accordingly, we consider those claims to still be present if the order sustaining the dispositive motion for summary judgment is overruled.

Nath appealed, claiming a dispute of material fact exists as to the dispositive motion, the Workers Compensation Act is not her exclusive remedy under the facts of this case, lost wages are recoverable for extortion, and the expert witness would assist the trier of fact on the issue of punitive damage.

## II.     Preservation of Error

Nath preserved error by filing a resistance to the motion for summary judgment, a motion to enlarge or amend the court's ruling, and also a resistance to the motion to strike her designation of an expert witness. Ordinarily, error has been preserved when a matter has been raised and ruled on by the trial court. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002); *Wild*, 533 N.W.2d at 567.

## III.     Standard of Review

The standard for review of motions for summary judgment is for errors of law. *Cawthorn v. Catholic Health Initiatives Iowa Corp.*, 806 N.W.2d 282, 286

(Iowa 2011). Summary judgment is improper unless the record shows no genuine issue of material fact. *Lloyd v. Drake Univ.*, 686 N.W.2d 225, 228 (Iowa 2004). "The court views the record in its light most favorable to the non-moving party." *Id.* Every legitimate inference that generates a material dispute of fact is to be considered. *Crippen v. City of Cedar Rapids*, 618 N.W.2d 562, 565 (Iowa 2000). The question is not a matter of weighing the credibility of the witnesses but whether the facts are sufficiently in dispute to warrant resolution by the trier of fact. *Smidt v. Porter*, 695 N.W.2d 9, 15 (Iowa 2005).

### IV. Discussion

*A. Dispositive Motion as to the Claim of Extortion*

The statute making extortion a crime also creates a civil remedy. *Hall v. Montgomery Ward & Co.*, 252 N.W.2d 421, 424 (Iowa 1977). "A person commits extortion if the person does any of the following with the purpose of obtaining for oneself or another anything of value, tangible or intangible including labor or services: . . . threatens to accuse another of a public offense." Iowa Code § 711.4 (2011). In this case the critical issue is whether there is a material dispute of fact as to whether Shopko threatened to accuse Nath of a public offense. There is no dispute that Shopko received something of value, even though it was of limited value, if in fact a threat was made. *See Zohn v. Menard, Inc.*, 598 N.W.2d 323, 330 (Iowa Ct. App. 1999).

Shopko supported its motion for summary judgment with an affidavit signed by Simpson, stating she did not ask Nath to sign the form or pay the $4.99 in exchange for not calling the police or threaten to call the police in order to obtain Nath's signature on the form. Nath used the transcript of the

unemployment hearing as a major contribution to her resistance to the motion for summary judgment. The trial court refused to consider it in part because of Iowa Code section 96.6(4). That section states:

> A finding of fact or law, judgment, conclusion, or final order made pursuant to this section by an . . . administrative law judge . . . is binding only upon the parties to proceedings brought under this chapter, and is not binding upon any other proceedings or action involving the same facts brought by the same or related parties before . . . other state agency, arbitrator, court, or judge of this state or the United States.

Iowa Code § 96.6(4). It does not say that a transcript of the evidence or testimony cannot be used in a subsequent proceeding. Even though it was made under oath, the district court concluded the testimony of Nath in the administrative hearing could not be used in lieu of an affidavit because the issues were not the same, and accordingly, the transcript was hearsay. Furthermore, the trial court stated it could not find any authority permitting prior testimony in an administrative hearing to be used in a resistance to a motion for summary judgment.

Affidavits concerning motions for summary judgment are to "set forth such facts as would be admissible in evidence." Iowa R. Civ. P. 1.981(5). It is not the document itself that must be admissible, but it is instead the facts stated and the source of the facts that must create admissibility. *See Peoples Tr. & Sav. Bank v. Sec. Sav. Bank*, 815 N.W.2d 744, 758 n.2 (Iowa 2012) ("The test is whether the offered evidence, if given in the form of testimony at trial, would be admissible."). Obviously, affidavits in themselves are usually not admissible in trial. However, Nath's own statements as to what happened at the October 4 meeting would not be hearsay and would be admissible evidence at trial.

Statements made under oath in a prior administrative hearing, particularly when it involves the same parties and similar issues, appear to us to be equivalent to "pleadings, depositions, answers to interrogatories, and admissions on file," all of which can be considered in deciding a motion for summary judgment together with affidavits. *See* Iowa R. Civ. P. 1.981(3); *see also Peoples Tr. & Sav. Bank*, 815 N.W.2d at 758 n.2 (noting prior testimony by a nonparty may be considered in support or opposition of a motion for summary judgment as a further affidavit under rule 1.981). Testimony from prior proceedings has been permitted to be used to support motions for summary judgment. *See, e.g.*, *Estate of Gray ex rel. Gray v. Baldi*, 880 N.W.2d 451, 460-62 (Iowa 2016); *Rahlin Constr. Co. v. Lakes, Inc.*, 252 N.W.2d 403, 405 (Iowa 1977). We see no reason to distinguish testimony under oath in an administrative hearing.

Shopko makes further argument that Nath did not introduce the testimony before the court in an appropriate matter. The trial court considered the transcript on its merits and did not rule on whether it was presented in a procedurally correct manner, nor does the issue seem to have been raised before the trial court. An issue not raised before and ruled on by the trial court will not be reviewed on appeal. *Meier*, 641 N.W.2d at 537.

Shopko relied on the deposition it had taken of Nath. The deposition of Nath was less positive and more tentative about what was said at the October 4 meeting, but it was not contradictory nor did it impeach her hearing testimony or her interrogatory answers.

We conclude the transcript of the administrative hearing should have been considered by the trial court and that both the transcript and interrogatory answer

create a material dispute of fact as to the existence of a threat adequate to support a claim of extortion. The dispositive motion for summary judgment is overruled.

### *B. Damage Issues*

To the extent the trial court sustained Shopko's motion for partial summary judgment on the damage issues, Nath only argues on appeal that she is entitled to damages resulting from pain and suffering and lost wages. To the extent the order granted the partial motion for summary judgment on other elements of damage, we considered those issues waived. *See* Iowa R. App. P. 6.903(2)(g).

Nothing in the record suggests that Nath was anything other than an employee at will of Shopko. Shopko did not need a reason to terminate her. *See Niblo v. Parr*, 445 N.W.2d 351, 352 (Iowa 1989). The restitution demand was an item of value because the admission of theft it included gave Shopko a "cause" basis for the termination. It was initially used to avoid the payment of unemployment benefits. However it does not entitle Nath to unpaid wages in this action because Nath's employment was terminable at Shopko's will. Therefore, Nath is not entitled to recover lost wages.

The district court ruled that Nath could not recover for pain and suffering because the Iowa Workers Compensation Act is the exclusive remedy for workplace injuries. *See* Iowa Code § 85.20. Mental injury, standing alone, suffered as a result of stress or other factors is recoverable under the act. *Dunlavey v. Econ. Fire & Cas. Co.*, 526 N.W.2d 845, 851 (Iowa 1995). *Dunlavey* concerns mental conditions or illnesses resulting from unusual stress caused by employment conditions. *See id.* at 853-55. To be covered under the Workers

Compensation Act, the injury must arise out of and in the course of employment. Iowa Code § 85.3. Generally, intentional torts are cognizable outside the scope of the Workers Compensation Act. *Wilson v. IBP, Inc.*, 558 N.W.2d 132, 138 (Iowa 1996). However, a mere labeling of a claim as an intentional tort will not avoid the exclusivity of workman's compensation if the gist of the claim is for bodily injury. *Nelson v. Winnebago Indus., Inc.*, 619 N.W.2d 385, 389 (Iowa 2000). The gist of Nath's claim for pain and suffering is not a claim for bodily injury or a condition suffered as the result of her employment conditions. It is simply anguish suffered as a result of an intentional tort. Pain and suffering damages are available to Nath. *See Hall*, 252 N.W.2d at 425 (noting mental anguish is compensable).

The trial court did not address the issue of punitive damages in its motion for summary judgment. The court mentions Shopko's conduct did not exceed "willful and wanton disregard for the rights of another" and rise "to the level of oppression and connivance to harass or injure another" as is required to award Nath attorney fees. *See Hockenberg Equip. Co. v. Hockenberg Equip. & Supp. Co.*, 510 N.W.2d 153, 158-60 (Iowa 1993) (setting forth the requirements for an award of common law attorney fees). However, the district court did not sustain the motion for summary judgment as to the punitive damage claim or for the claim for expenses in recovering Nath's unemployment benefits. Any issue not ruled on by the trial court will not be considered on appeal. *Meier*, 641 N.W.2d 537. We have previously noted Nath provided no argument on appeal regarding her claim for attorney fees accruing in this action.

*C. Motion to Strike Expert Witness*

The trial court granted Shopko's motion to strike Nath's designation of an expert witness. The Iowa courts are generally committed to a liberal consideration of expert testimony and provide wide discretion to the trial court in determining its admissibility. *State v. Griffin*, 564 N.W.2d 370, 374 (Iowa 1997). Assistance to the trier of fact is the polestar determining the admissibility of expert testimony. *State v. Shultz*, 579 N.W.2d 317, 319 (Iowa 1998).

The expert in question is a human resources consultant and is expected to testify as to Shopko's actions in this matter as compared to the accepted standard for human resource management. The trial court sustained the motion on the grounds the trier of fact needed no expert to determine if extortion had taken place.

Nath contends testimony on the industry standard of human resource management in regard to Shopko's actions would be helpful to the jury in determining whether punitive damages are appropriate. Shopko contends the trial court sustained its motion for partial summary judgment on the punitive damage issue, but we have already noted it did not do so.

Trial courts have discretion in admitting expert testimony, but it must meet a standard of reliability. *Id.* In this case the standard of reliability might be met and the expert testimony might be helpful to a jury. The motion to strike was prematurely granted, and the order is set aside to be reconsidered after the content and reliability of the expert's testimony can more accurately be determined by a motion in limine or by some other means.

**V.** **Conclusion**

The dispositive order granting Shopko's motion for summary judgment is reversed and the matter remanded for further proceedings. The court's order sustaining Shopko's partial motion for summary judgment is reversed as to Nath's claim of pain and suffering but affirmed as to Nath's claim for lost wages. Because the trial court made no ruling on the punitive damage issue, the five dollar payment, and the expenses Nath incurred in obtaining her unemployment benefits, those remain as damage claims. The order striking Nath's human resources management expert designation is set aside to be reconsidered when its reliability and content can be more accurately determined.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**