# IN THE COURT OF APPEALS OF IOWA

No. 18-0175
Filed June 5, 2019

**DEANDREW HARRIS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

DeAndrew Harris was granted interlocutory appeal of a district court ruling denying his motion for an expert witness at state expense in this postconviction-relief proceeding. **AFFIRMED AND REMANDED.**

Alexander Smith of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Potterfield, P.J., Tabor, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**GAMBLE, Senior Judge.**

DeAndrew Harris filed an application for interlocutory appeal of a district court ruling denying his motion for an expert witness at state expense. Our supreme court granted interlocutory appeal and transferred the case to this court. Because the district court did not abuse its discretion in determining Harris failed to demonstrate it was reasonably necessary to appoint an expert and Harris requested no additional ruling on the statutory and constitutional claims he now urges on appeal, we affirm and remand for further proceedings.

**I. Background Facts and Proceedings.**

Harris was convicted by a jury of first-degree robbery, first-degree burglary, and being a felon in possession of a firearm as a habitual offender. On appeal, Harris asserted error in the denial of his motion to suppress, in which he contended there had been an impermissibly suggestive photo lineup; the court erred in allowing impermissible hearsay; and there was insufficient evidence of identification to support the convictions. *State v. Harris*, No. 15-0855, 2016 WL 4801444, at *2 (Iowa Ct. App. Sept. 14, 2016). This court addressed each contention and affirmed the convictions, finding the photo lineup was not impermissibly suggestive, *id.* at *2; exceptions to the hearsay rule allowed the deposition testimony of an unavailable witness to be admitted, *id.* at *3-4; prior statements of identification by a witness who has testified at trial and is available for cross-examination are not hearsay, *id.* at *5; and substantial evidence supported the convictions, *id.* Specifically, we noted:

> Among other things, cell phones were taken by the intruders. All of the victims remembered one intruder had red-tipped locks and was holding a small silver gun. Four of the five victims identified Harris—

even without bright red locks—in the photo lineup. A small silver gun was found with the victims' stolen phones, and Harris's DNA was found on that gun. Finally, Harris's alibi was questionable, and it was for the jury to determine whether or not Harris's alibi witness was credible.

*Id.*

Harris filed an application for postconviction relief (PCR), and his appointed counsel filed a supplemental and amended petition on October 29, 2017. In the amended petition, Harris asserts trial counsel was ineffective in various ways, three of which are relevant for our purposes:

> Counsel was ineffective, and unfair prejudice resulted, when counsel
> (a) Did not call an eyewitness identification expert to instruct the jury on factors that affect eyewitness identifications, such as the presence of a weapon, presence of violence or stress, duration of the incident, confidence in the identification, cross-racial impairment, or various impermissibly-suggestive identification procedures.
> (b) Did not call a similar eyewitness expert on the motion to suppress the lineups.
> (c) Did not request a jury instruction on eyewitness identifications.

Harris filed an application for an expert witness at state expense, alleging he needed to consult with an expert regarding prior trial counsel's failure to call an eyewitness-identification expert and to request a jury instruction regarding the reliability of eyewitness identification. Specifically, Harris sought an expert opinion regarding factors affecting eyewitness identification, including the presence of a weapon, violence, or stress; the duration of the incident; confidence in the identification; cross-racial identification impairment; and impermissibly suggestive identification procedures. He asserted the right to investigate and to retain expert services is encompassed within the right of effective assistance of counsel.

The PCR court denied Harris's application for an expert witness at state expense. The court found the facts of the case negated the need for an expert witness on eyewitness identification. The court noted four out of five victims identified Harris. Harris's DNA was found on a weapon used in the robbery, placing him at the scene. Harris's explanation for the presence of his DNA on the weapon was speculative.

Harris filed an application for interlocutory appeal on the denial of his request for an expert at state expense. The supreme court granted the application and transferred the case to our court.

## II. Preservation of Issues.

Harris argues he has a statutory and constitutional right to state funds for experts in PCR proceedings. He also asserts the district court abused its discretion in denying funds for his proposed expert. The State, however, asserts the PCR court did not decide whether an applicant has a right to state funds for an expert witness and did not decide whether the effective assistance of PCR counsel required an expert witness; consequently, the State argues, those claims of right are not properly before this court. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002))). The court's ruling assumes an applicant has a right to an expert if an expert would be necessary to the applicant's claim. This implicit ruling adequately preserves

Harris's contention that the district court abused its discretion in denying his request for funds for an expert witness.[1]

**III. Scope and Standard of Review.**

Refusal to appoint an expert witness at state expense is reviewed for an abuse of discretion. *Cf. State v. Leutfaimany*, 585 N.W.2d 200, 207 (Iowa 1998). We have applied this same standard where a PCR court denies an applicant's request for the appointment of an expert witness. *See Penwell v. State*, No. 09-1820, 2011 WL 238196, at *5 (Iowa Ct. App. Jan. 20, 2011); *Pegram v. State*, No. 99-1093, 2001 WL 913817, at *5 (Iowa Ct. App. Aug. 15, 2001). An abuse of discretion occurs when the trial court exercises its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Maghee*, 573 N.W.2d 1, 5 (Iowa 1997). "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Graber v. City of Ankeny*, 616 N.W.2d 633, 638 (Iowa 2000).

**IV. Discussion.**

Harris sought state funds in the amount of $5000 to obtain the assistance of Dr. Shari Berkowitz, an expert on eyewitness identification and assistant professor at California State University. Counsel asserted,

> These expert services are necessary to show that knowledge of these eyewitness identification issues are widely known in the criminal defense community and the type of prejudice that Mr. Harris suffered because counsel did not have an expert witness or request a jury instruction that could explain these issues to the jury.

---

[1] We need not address whether the presumed right is statutory or constitutional in nature.

Harris argues the PCR court applied the wrong legal standard in determining the necessity of an expert witness. Harris claims the court decided he will be unable to show prejudice and, therefore, an expert is not necessary. Harris asserts the court granted a summary disposition on the issue of prejudice, essentially putting the cart before the horse. However, we are not persuaded the PCR court applied an incorrect legal standard in rejecting Harris's request. The court did not grant summary judgment. It denied Harris request for state funds to hire an expert witness, which the court ruled was unnecessary. The court applied the correct legal standard. *See Leutfaimany*, 585 N.W.2d at 208.

"An indigent criminal defendant is not entitled to appointment of expert services at state expense unless there is a finding that the services are necessary in the interest of justice." *Id.* The movant "bears the burden to demonstrate a reasonable need for the appointment of an expert." *Id.* This same standard applies when an indigent applicant seeks appointment an expert witness at state expense in a PCR action. *See Penwell*, 2011 WL 238196, at *6; *Pegram*, 2001 WL 913817, at *6.

This need for an expert must be considered in the context of the PCR proceeding where the ultimate issue is whether Harris's trial counsel was ineffective. To prove an ineffectiveness claim, Harris must prove must prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) he suffered prejudice as a result. *See State v. Morgan*, 877 N.W.2d 133, 136 (Iowa Ct. App. 2016).

***A. Is an eyewitness-identification expert witness necessary to establish counsel was ineffective in failing to call an eyewitness-identification expert?***

Harris's own request notes "that knowledge of these eyewitness identification issues *are widely known in the criminal defense community*." (Emphasis added.) *See United States v. Wade*, 388 U.S. 218, 228 (1967) ("The vagaries of eyewitness identification are well-known; the annals of criminal law are rife with instances of mistaken identification."). An eyewitness-identification expert thus is not necessary with respect to whether counsel's performance fell outside the normal range of competency. For example in *State v. Shorte*r, 893 N.W.2d 65, 81–82 (Iowa 2017), the court observed:

> Preparing for eyewitness identification is an essential responsibility of defense counsel. Eyewitness testimony may have a dramatic influence on overall defense strategy or theory of the case. Defense counsel must consider a pretrial motion to suppress. Voir dire may be used to educate the jury about honestly mistaken witnesses. Defense counsel must be prepared to explore the potential for error in the identification process through effective cross-examination. Cross-examination, however, is not likely to be effective when a person is genuinely mistaken about past events. Consideration should be given to obtaining expert witness testimony of the problems with eyewitness identification. *See State v. Schutz*, 579 N.W.2d 317, 319 (Iowa 1998) (holding admission of expert witness on eyewitness identification within sound discretion of the court); *see also People v. McDonald*, 690 P.2d 709, 725–26 (Cal. 1984) (en banc) (holding exclusion of expert on reliability of eyewitness testimony was an abuse of discretion), *overruled on other grounds by People v. Mendoza*, 4 P.3d 265, 286 (2000). Special instructions for the jury may need to be considered. Summations must be designed to deal with the eyewitness identification.

Thus, problems with eyewitness identification is not a new concept in Iowa jurisprudence. To address the issue, our supreme court overruled a prior per se

rule of exclusion and recognized the admissibility of expert testimony on eyewitness identification in *Schutz*, 579 N.W.2d at 320 ("We found no state appellate court other than Iowa with a per se rule of exclusion of expert testimony regarding eye witness identification. . . . The exclusion of expert testimony is a matter committed to the sound discretion of the trial court and we will reverse only for an abuse of that discretion." (citations omitted)). An eyewitness expert witness offers no support in Harris's burden to show a breach of the standard of competency for trial counsel.

Harris's claim of need for an eyewitness-identification expert thus concerns his burden to prove prejudice in failing to call an eyewitness expert. With respect to the prejudice prong of an ineffectiveness claim, Harris must show that but for counsel's unprofessional errors there is a reasonable likelihood the result of the trial would have been different. *Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001).

We do not find the court abused its discretion in examining the facts to determine whether an eyewitness-identification expert was necessary to prove that Harris suffered prejudice due to counsel's alleged failures. Appointment of an expert is not necessary if the facts demonstrate there is no reasonable likelihood the result of the trial would have been different had counsel called an expert witness on eyewitness identification. *Cf. State v. Archer*, No. 16-0590, 2017 WL 1735643, at *6 (Iowa Ct. App. 2017) ("The location of the knife was in the path Archer took from the courtyard. [The victim's] DNA was found on the knife. . . . Even had Archer's trial counsel challenged the eyewitness identifications by calling an expert witness, by requesting the stock eyewitness-identification instruction, or

by doing both, there is no reasonable possibility of a different outcome at trial. Archer has not proven the prejudice prong of his ineffective-assistance-of-counsel claim. His claim of ineffective assistance on the eyewitness-testimony issue therefore fails."). Even if PCR counsel was allowed to present expert testimony challenging the four eyewitness identifications, the eyewitness-identification expert would be unable to address the presence of Harris's DNA on the gun. Therefore, considering the DNA evidence, the PCR court did not abuse its discretion in determining the appointment of an expert at state expense was not necessary in the PCR proceeding to assist the court is deciding this ineffective-assistance-of-counsel claim.

**B. Is an eyewitness-identification expert witness necessary to establish counsel was ineffective in failing to request an instruction on eyewitness identification?**

Iowa Criminal Jury Instruction 200.45 is a stock instruction on eyewitness identification based on *United States v. Telfaire*, 469 F.2d 552, 558 (D.C. Cir. 1972).[2] *See State v. Tobin*, 338 N.W.2d 879, 881 (Iowa 1983) (noting use of the

---

[2] Iowa Criminal Jury Instruction 200.45 provides:

> The reliability of eyewitness identification has been raised as an issue. Identification testimony is an expression of belief or impression by the witness. Its value depends on the opportunity the witness had to see the person at the time of the crime and to make a reliable identification later.
>
> In evaluating the identification testimony of a witness, you should consider the following:
>
> (1) If the witness had an adequate opportunity to see the person at the time of the crime. You may consider such matters as the length of time the witness had to observe the person, the conditions at that time in terms of visibility and distance, and whether the witness had known or seen the person in the past.
>
> (2) If an identification was made after the crime, you shall consider whether it was the result of the witness's own recollection. You may

instruction is not "discourage[d]" but refusal to give it in the case was not reversible error). Trial counsel could also have requested an instruction concerning cross-racial impairment. *See Williams v. Ault*, No. C07-3072-MWB, 2010 WL 299155, at *16 (N.D. Iowa Jan. 19, 2010) ("The court agrees with those courts who have recognized the shortcomings in standard instructions on eyewitness identification, particularly in those involving cross-racial identifications." (citing *Brodes v. State*, 614 S.E.2d 766, 771 (Ga. 2005) (finding jury instruction that jurors may consider the "level of certainty" of witness identification was erroneous in light of scientific evidence suggesting such a correlation is weak); *Arizona v. Youngblood*, 488 U.S. 51, 72 n. 8 (1988) (Blackmun, J., dissenting) (cross-racial identifications are much less likely to be accurate than same-race identifications)).

Harris argues expert testimony concerning a jury instruction on eyewitness testimony is necessary to remind jurors that eyewitness identifications are not always reliable. At the hearing, the PCR court asked: "But do you really need an expert to say that the instruction should or should not have been given on this? What is she going to add to the case you can't take care of yourself?" Counsel responded: "Just to point out the jury instructions were not had and then the hope that that—we need someone that can show that these jury instructions on this sociological level that they do remind jurors that eyewitness identifications are not

---

consider the way in which the defendant was presented to the witness for identification, and the length of time that passed between the crime and the witness's next opportunity to see the defendant.

(3) An identification made by picking the defendant out of a group of similar individuals is generally more reliable than one which results from the presentation of the defendant alone to the witness.

(4) Any occasion in which the witness failed to identify the defendant or made an inconsistent identification.

always reliable and they need to be had." We find counsel is able to make that point without an expert witness on eyewitness identification. *See Shorter*, 893 N.W.2d at 82 (recognizing duty to prepare for eyewitness identification and stating "[s]pecial instructions for the jury *may* need to be considered" (emphasis added)); *see also State v. Collins*, No 16-1094, 2017 WL 6027763, at *8 (Iowa Ct. App. Nov. 22, 2017) (citing *Shorter*, 893 N.W.2d at 85; *State v. Blackford*, 335 N.W.2d 173, 178 (Iowa 1983) ("[W]e are convinced that not every right to insist that a particular instruction be given need be availed of by counsel in order to satisfy the standard of normal competency.")).

It is for the PCR court to decide whether Harris's trial counsel breached an essential duty in failing to request an eyewitness-identification instruction and whether Harris was prejudiced by such a failure. It was reasonable for the PCR court to determine that an eyewitness-identification expert was not necessary to assist it in making this decision because expert testimony would not assist the court on the jury-instruction issue. The PCR court has sufficient expertise to determine whether trial counsel breached an essential duty in failing to request an eyewitness-identification jury instruction and whether the applicant proved prejudice. The court did not abuse its discretion in deciding expert testimony was not necessary to prove ineffective assistance of counsel concerning the jury instruction issue.

At this stage of the PCR proceeding, Harris has not yet completed discovery. He has not taken the deposition of trial counsel. Harris can present evidence at the PCR trial concerning the failure of his trial attorney to present an eyewitness-identification expert or to request a jury instruction on eyewitness

identification. He can argue the law concerning eyewitness identification. We are confident in the ability of the district court to discern the prevailing norms of a criminal defense attorney and to determine whether trial counsel breached an essential duty to the applicant to his prejudice without the assistance of expert testimony. *See Ledezma v. State*, 626 N.W.2d 134 (Iowa 2001).

The PCR court found that "the facts of this case negate the need for an expert witness." We agree. Harris retains the ability to call his trial counsel to account for his decision making and strategy at trial. PCR counsel is able to inquire whether trial counsel was familiar with the "widely known" eyewitness-identification issues or with academic studies related to eyewitness-identification issues. *See State v. Fountain*, 786 N.W.2d 260, 266 (Iowa 2010) (noting it is counsel's responsibility to stay abreast of legal developments). Trial counsel's knowledge, or lack thereof, regarding cross-racial identification issues and the effect of stress on identifications can be explored. PCR counsel can also explore the decision of trial counsel not to request a jury instruction on eyewitness identification. The district court properly analyzed the need for expert evidence and did not abuse its discretion in finding that Harris failed to establish the expert's testimony was reasonably necessary. *See Pegram*, 2001 WL 913817, at *6 (finding the court did not abuse its discretion in ruling the requested expert was unnecessary).

Finding no abuse of discretion, we affirm. The matter is remanded for further proceedings.

**AFFIRMED AND REMANDED.**